204 P.3d 441

**In re the Marriage of Michael Robert HART, Petitioner/Appellee,**

v.

**Kari Rose HART, Respondent/Appellant.**

**No. 1 CA–CV 07–0794.**

Court of Appeals of Arizona, Division 1, Department A.

March 3, 2009.

Law Offices of Dennis G. Bassi PLLC By Dennis G. Bassi, Phoenix, Attorney for Petitioner/Appellee.

Law Offices of John R. Zarzynski By John R. Zarzynski, Phoenix, Attorney for Respondent/Appellant.

## OPINION

BARKER, Judge.

¶ 1 Kari Rose Hart ("Mother") appeals from a modification order granting Michael Robert Hart ("Father") sole legal and primary physical custody of the parties' two minor children and ordering that Mother's parenting time be supervised. For the reasons that follow, we vacate the custody order

and the parenting time order and remand for further proceedings.[1]

### Facts and Procedural Background

¶2 When the parties divorced in 2003, Mother was awarded sole legal custody and primary physical custody of their two children. At that time both parents lived in Arizona. In 2005 Mother had remarried and, after an evidentiary hearing and custody evaluation, was permitted to relocate with the children to Texas.

¶3 Father briefly moved to Texas to be near the children. However, he returned to Arizona approximately six months later after being unable to find steady employment. Around the same time, Mother separated from her husband and moved with the children to an apartment. This required that the children change schools.

¶4 In June 2007 Father filed a petition for mediation seeking physical custody of the children.[2] Mother did not appear for the mediation conference on July 12, 2007. Father then filed a petition to modify custody. He also filed a petition for temporary orders to allow the children to remain in Arizona and start school.[3] Mother was served with notice and the petitions. The court also entered an order to appear regarding the petition to modify child custody, parenting time and support, and the motion for temporary orders. The order to appear set a "hearing" for July 27, 2007.

¶5 Mother filed her response on July 26, 2007. Mother appeared telephonically, but her attorney was present. The court stated that it was holding a "resolution management conference." After determining that it had jurisdiction, the court proceeded to hear the merits of the petition. Mother objected that she was not prepared for an evidentiary hearing because the court's order to appear stated that it would not hear testimony at this hearing. The court overruled her objections and allowed Father to testify.

¶6 The court continued the hearing until August 14, 2007, and denied Father's request that the children remain with him in Arizona pending the court's ruling. The children returned to Texas to be with Mother in August.

¶7 Subsequently, the court concluded that it would be in the children's best interests to live with Father in Arizona and for Mother to have only supervised parenting time in the summer or on school breaks. Mother filed a motion for reconsideration arguing that there was no evidence of a substantial and material change in circumstances and that the court failed to make findings regarding several relevant factors relating to the children's best interests. The court denied the motion without comment. Mother filed a timely notice of appeal. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12–2101(C) (2003).

### Discussion

**1. Adequacy of the Court's Findings of Fact and Conclusions of Law as to the Custody Order**

¶8 Mother argues that the court abused its discretion by failing to make detailed findings of fact in compliance with A.R.S. § 25–403(B) (2007). Father contends that this court must presume that the family court made every finding necessary to support its judgment and sustain the judgment if there is sufficient evidence in the record to support the court's conclusion. "We review the [family] court's decision regarding child custody for an abuse of discretion." *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶7, 79 P.3d 667, 669 (App.2003).

¶9 In making a custody determination, the family court must consider the factors enumerated in A.R.S. § 25–403(A) regarding the children's best interests. In a contested custody case, the court must make specific findings regarding all relevant factors *and* the reasons the decision is in the

---

1. Pursuant to Arizona Rule of Civil Appellate Procedure 28(g), we address an additional issue raised by Mother in a separately filed Memorandum Decision.

2. The parties' parenting plan required them to mediate disputes before bringing an action in court.

3. The children had been in Father's custody over the summer.

best interests of the children. Section 25–403(B) provides: "In a contested custody case, the court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." Failure to make the requisite findings pursuant to A.R.S. § 25–403 can constitute an abuse of discretion requiring reversal and a remand. *See Owen*, 206 Ariz. at 421–22, ¶ 12, 79 P.3d at 670–71 (holding that the family court abused its discretion in its custody award by not making findings on the record, and subsequently reversing and remanding for additional findings); *Downs v. Scheffler*, 206 Ariz. 496, 501, 503, ¶¶ 19, 34, 80 P.3d 775, 780, 782 (App. 2003) (holding the same but also ordering further cross-examination); *In re Marriage of Diezsi*, 201 Ariz. 524, 526, 527, ¶¶ 5, 11, 38 P.3d 1189, 1191, 1192 (App.2002) (vacating a custody award based on the lack of findings and remanding for findings).

¶ 10 The family court's findings do not refer to the absence or presence of *any* of the ten enumerated statutory factors listed in A.R.S. § 25–403(A). The court stated that it was "abundantly clear" that it was in the children's best interests to relocate from Texas back to Arizona and that Mother only have supervised parenting time. The court found that Mother left the children alone after school on weekdays and "at other times when Mother [was] with her new boyfriend." Father, conversely, had his mother watch the children when he worked. The court also noted that Mother no longer lived with her husband but had moved the children into a "small apartment," which required a change of schools. Finally, the court was concerned that Mother posed nude with her boyfriend on an adult website.

¶ 11 Although these are all relevant facts, there are no findings as to the following statutory factors: (1) the wishes of the children and parents as to custody; (2) the interaction and relationships between the children and parents and, in this case, the children and Father's mother, with whom he lives; (3) the children's adjustment to home, school, and community; (4) the physical and mental health of the children and parents; (5) which parent is more likely to allow fre-

quent and meaningful contact with the other parent; (6) which parent has provided primary care; (7) whether any coercion or duress was used in obtaining a custody agreement; and (8) whether there was any false reporting of child abuse or neglect. *See* A.R.S. § 25–403(A).

¶ 12 There was evidence regarding many of the foregoing factors. For example, the children, ages nine and twelve at the time, apparently told Father they wanted to move to Arizona. Father and his mother testified about their neighborhood and the local school. Mother also testified about her community, the children's school, and their activities in Texas. Mother testified that her oldest child was doing well in school and about how she had dealt with her child's learning disabilities. Both parents testified positively about their ability to co-parent when both were living in Texas. Mother testified that she had been the primary caregiver since 2005. Mother also testified that she could find a babysitter for afterschool hours but that there had never been any problems with the children. Mother testified that she did not expose the children to the adult website; however, Father claimed they knew the name of the website.

¶ 13 Father argues that this court must presume that the family court made the necessary findings to support its judgment. However, the cases Father cites predate A.R.S. § 25–403(B), which was in effect here and specifically requires that "[i]n a contested custody case, the court *shall make specific findings on the record about all relevant factors . . . .*" (Emphasis added.) *See also Downs*, 206 Ariz. at 501, ¶ 19, 80 P.3d at 780; *Owen*, 206 Ariz. at 421–22, ¶ 12, 79 P.3d at 670–71; and *Diezsi*, 201 Ariz. at 526, ¶ 5, 38 P.3d at 1191. *Compare Stanberry v. Stanberry*, 81 Ariz. 215, 216–17, 303 P.2d 706, 706 (1956) (holding in a custody decision prior to the adoption of A.R.S. § 25–403(B) that when "no findings of fact appear in the record, the presumption is that the court found every fact necessary to support the judgment"). The findings here did not comply with the statute. In this case, a weighing of the statutory factors—which the family court was statutorily required to document with

findings but did not—may have yielded a different outcome. *See Owen*, 206 Ariz. at 421, ¶ 12, 79 P.3d at 670.

¶ 14 Accordingly, we vacate the custody order and remand to allow the family court to make additional findings and conclusions in accordance with A.R.S. § 25–403. We vacate the custody order, rather than simply remand for additional findings, because of the significant number of factors not addressed. *See Diezsi*, 201 Ariz. at 527, ¶ 11, 38 P.3d at 1192 (vacating custody award based on lack of findings). By doing so, we do not suggest a particular outcome on remand nor do we require additional evidentiary proceedings, unless the court determines that they would be appropriate.

### 2. *Supervised Parenting Time*

■ ¶ 15 Mother also contends that the family court abused its discretion by ordering that her parenting time be supervised because (1) Father never requested such a restriction and (2) the court failed to make findings to support this restriction pursuant to A.R.S. § 25–410(B) (2007) or A.R.S. § 25–411(D) (Supp.2008).

■ ¶ 16 In his petition to modify custody, Father did not request sole custody or supervised parenting time. Both §§ 25–410(B) and 25–411(D) allow the court to order supervised parenting time *sua sponte* if the court finds that in the absence of supervision the children's physical health would be endangered or their emotional development significantly impaired or that unsupervised parenting time would seriously endanger the children's physical, mental, moral, or emotional health. Neither the court's written order nor the transcript of the proceedings in open court contains express findings on these issues, but §§ 25–410(B) and 25–411(D), unlike § 25–403(B), do not require such findings. Section 25–410(B) provides that "if the court finds" certain circumstances, it "shall order" a local social service agency to become involved as set forth in the statute.[4] Section 25–411(D) similarly provides that the court may not restrict parenting time "unless it finds" a certain standard has been met.[5] On the other hand, in A.R.S. § 25–403(B) the legislature specifically required that "the court shall make *specific findings on the record* [.]" (Emphasis added.) Thus, both A.R.S. §§ 25–410(B) and 25–411(D) require that the trial court must "find" certain facts in order to grant the specified relief, but there is no requirement, as there is in A.R.S. § 25–403(B), that findings be reduced to writing or stated on the record.

■ ¶ 17 As shown by these statutes, the legislature chose to make "specific findings on the record" a requirement in some circumstances but not in others. The legislature knows how to make written findings a requirement and did not do so here. Under such circumstances, standard principles of statutory construction require that we do not judicially impose a requirement the legislature has intentionally chosen not to require. *See Luchanski v. Congrove*, 193 Ariz. 176, 179, ¶ 14, 971 P.2d 636, 639 (App.1998) ("When the legislature has specifically included a term in some places within a statute and excluded it in other places, courts will not read that term into the sections from which it was excluded."); *see also U.S. Parking Sys. v. City of Phoenix*, 160 Ariz. 210, 211, 772 P.2d 33, 34 (App.1989) (reciting the same rule). We decline to judicially engraft a requirement of oral or written "findings" onto A.R.S. §§ 25–410(B) and 25–411(D). This, however, does not end our inquiry as to whether Mother is entitled to relief under these statutes.

---

4. The full text of A.R.S. § 25–410(B) is as follows:

If either parent requests the order, or if all contestants agree to the order, or if the court finds that in the absence of the order the child's physical health would be endangered or the child's emotional development would be significantly impaired, and if the court finds that the best interests of the child would be served, the court shall order a local social service agency to exercise continuing supervision over the case to assure that the custodial or parenting time terms of the decree are carried out. At the discretion of the court, reasonable fees for the supervision may be charged to one or both parents, provided that the fees have been approved by the supreme court.

5. *See infra* ¶ 19 for the complete text of A.R.S. § 25–411(D).

¶ 18 Although we presume that the trial court knows the law and applies the correct standard, *Fuentes v. Fuentes*, 209 Ariz. 51, 58, ¶ 32, 97 P.3d 876, 883 (App.2004), that presumption may be rebutted by the record. *Frederickson v. McIntyre*, 52 Ariz. 61, 64, 78 P.2d 1124, 1126 (1938) ("We indulge the presumption always that the action of the trial court was regular and proper *in the absence of a record controverting such presumption.*") (emphasis added); *Brewer v. Peterson*, 9 Ariz.App. 455, 458, 453 P.2d 966, 969 (1969) ("The controlling law, as we see it, is that an appellate court must assume that the trial court did no wrong, *in the absence of a showing to the contrary.*") (emphasis added). Here, the language in the order makes it clear that the family court applied an incorrect standard. In its order, the court stated: "It is abundantly clear to the court that it is in the children's best interest ... for Mother to have only supervised visitation with the children in the summer or during holiday breaks from school." The standard applicable under both A.R.S. §§ 25–410(B) and 25–411(D), however, requires more than just a "best interest" test.

¶ 19 Under A.R.S. § 25–410(B), in addition to a best interest test, the standard requires the court to find that "in the absence of the order the child's physical health would be endangered or the child's emotional development would be significantly impaired." [6] Section 25–411(D) likewise provides:

> The court may modify an order granting or denying parenting time rights whenever modification would serve the best interest of the child, but the court shall not restrict a parent's parenting time rights *unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health.*

(Emphasis added.) In this case, the court expressly stated the standard it applied to be a best interest standard. This was error. The court was required to determine that the restrictions on parenting time "would endanger seriously the child's physical, mental, moral or emotional health," under A.R.S.

§ 25–411(D) or that "the child's physical health would be endangered or the child's emotional development would be significantly impaired" under A.R.S. § 25–410(B). As we noted earlier, this does not require a *finding on the record*. The error here is that the wrong standard was applied. Had the court not stated the standard incorrectly, we would have presumed that it applied the appropriate standard and then considered whether there were facts to support that determination. *See Fuentes*, 209 Ariz. at 58, ¶ 32, 97 P.3d at 883. Because the wrong standard was applied, we vacate the order concerning supervised parenting time and remand for application of the proper standard to the facts here.

### 3. Attorney's Fees on Appeal

¶ 20 Mother requests an award of attorney's fees on appeal pursuant to A.R.S. § 25–324 (Supp.2008). We do not find that Father took unreasonable positions on appeal, and we do not have any current financial information for the parties upon which to base an award of attorney's fees. For these reasons, we deny Mother's request for attorney's fees on appeal but award her costs on appeal.

### Conclusion

¶ 21 We vacate the custody and supervised parenting time order and remand for further proceedings.

CONCURRING: MICHAEL J. BROWN, Presiding Judge and MARGARET H. DOWNIE, Judge.

---

6. A.R.S. § 25–410(B) also makes mandatory the appointment of a "local social service agency." The trial court, on remand, should identify

whether it is proceeding under A.R.S § 25–410(B) or § 25–411(D) or both.