NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ABBY P. PRESSLY, *Petitioner/Appellee,*

*v.*

AARON C. LOVE, *Respondent/Appellant.*

No. 1 CA-CV 15-0632 FC
FILED 12-8-2016

Appeal from the Superior Court in Yavapai County
No. P1300DO20090502
The Honorable Patricia A. Trebesch, Judge

**AFFIRMED**

COUNSEL

Carman Law Firm, Prescott
By Krista M. Carman
*Counsel for Petitioner/Appellee*

Jeffrey M. Zurbriggen PC, Phoenix
By Jeffrey M. Zurbriggen
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Patricia A. Orozco and Judge Peter B. Swann joined.

---

**G O U L D**, Judge:

¶1 Aaron C. Love ("Father") appeals from the superior court's order regarding parenting time and child support. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2 Father and Abby P. Pressly ("Mother") were married for six years and have three minor children together. Their marriage was dissolved in 2010. According to the amended consent decree, Father and Mother had "joint legal and joint physical custody" of the children and nearly equal parenting time. Father agreed to pay child support of $2500 per month and spousal maintenance for a period of four years.

¶3 More than one year after entry of the amended decree, Father filed a petition for modification of child support citing a decline in his income. Thereafter, Mother filed an emergency petition to modify child custody, parenting time and legal decision-making, as well as a request for random drug and alcohol testing, alleging that Father was displaying "irrational, erratic and unpredictable behaviors." Mother also filed a motion for contempt against Father alleging his failure to pay child support, spousal maintenance, and miscellaneous expenses. Following an evidentiary hearing, the superior court entered temporary orders requiring Father to submit to weekly drug testing and directing supervision of his parenting time.

¶4 After a failed attempt at settlement, the superior court held a two-day trial and, thereafter, entered a detailed order (1) awarding joint legal decision-making, (2) granting Father limited supervised parenting time, (3) finding Father in contempt of court for failure to pay child support and spousal maintenance, and (4) granting Mother an award of attorneys' fees. Father appealed.

**DISCUSSION**

## I.    Parenting Time

¶5          Father first challenges the superior court's ruling regarding parenting time.  He argues the court "incorrectly made the § 25-403 findings."  We review the court's decision regarding parenting time for an abuse of discretion.  *See Hart v. Hart,* 220 Ariz. 183, 185, ¶ 8 (App. 2009).

¶6          The superior court awarded Father and Mother joint legal decision-making and granted Father supervised parenting time twice a month contingent upon his submission to full panel drug testing.[1]  The court's order further provided that Father's parenting time would increase over time and supervision would end as long as there were "no concerns during parenting time."

¶7          In a contested parenting time case, the court must comply with the requirement set forth in Arizona Revised Statutes ("A.R.S.") section 25-403 to "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child."  A.R.S. § 25-403(B).[2]  A court's failure to make these findings constitutes an abuse of discretion.  *See In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5 (App. 2002).

¶8          Here, the superior court's order thoroughly addressed each of the relevant factors set forth in § 25-403.  Accordingly, the court's decision complied with A.R.S. § 25-403.

¶9          Father also argues the superior court "erred when it ordered [Father's] parenting time to be very restricted, contrary to Arizona law."  In making this argument, Father relies on A.R.S. § 25-411(J), which provides:

> The court may modify an order granting or denying parenting time rights whenever modification would serve the best interest of the child, **but the court shall not restrict a parent's parenting time rights unless it finds that the**

---

[1]     The record reflects that Father failed to comply with prior court orders for drug testing.

[2]     Absent material revision after the relevant date, we cite the current version of a statute unless otherwise stated.

> **parenting time would endanger seriously the child's physical, mental, moral or emotional health**.

A.R.S. § 25-411(J) (emphasis added).

**¶10** Pursuant to § 25-411(J), the superior court was required to determine that Father's parenting time would endanger the children before restricting his parenting time.[3] We review whether the evidence in the record supports the court's determination. *See Hart*, 220 Ariz. at 188, ¶ 19 (analyzing § 25-411(D), now recodified as § 25-411(J)). Additionally, in reviewing a decision after a bench trial, "we view the evidence in the light most favorable to upholding the trial court's decision." *Double AA Builders, Ltd. v. Grand State Constr. L.L.C.*, 210 Ariz. 503, 506, ¶ 9 (App. 2005).

**¶11** In explaining its decision to restrict Father's parenting time, the court referenced Father's 2013 car accident and his resulting arrest. Following the accident, Father pled guilty to two counts of vehicular endangerment and one count of reckless driving. Although the charges of driving under the influence were later dropped, the police reports describe behaviors and symptoms indicative of drug use. The reports also reflect that multiple prescription medications were found in Father's car.

**¶12** In support of its decision, the superior court also referenced an assessment of Father performed by a medical doctor, who is a fellow of the American Society of Addiction Medicine. The assessment was completed at the request of the Arizona Board of Osteopathic Examiners in Medicine and Surgery. The doctor noted that Father, who himself is an emergency room physician, (1) admitted to misusing Adderall and (2) acknowledged using "curbside" prescriptions obtained from his physician colleagues. The doctor concluded that Father "requires a comprehensive evaluation at a recognized and board approved evaluation center to determine if there is an underlying substance use disorder, psychiatric disorder and/or medical condition that may be impairing his ability to function effectively."

---

[3] This statute does not require written findings on the record. *See Hart*, 220 Ariz. at 187, ¶¶ 15-16 (holding there is no requirement that the court's findings be "reduced to writing or stated on the record").

**¶13** The superior court summarized this assessment and other evidence supporting its decision to restrict Father's parenting time as follows:

> There are many red flags raised by the contents of Father's evaluations. Father's recent and progressively declining behavior including the DUI, criminal charges, domestic violence incident, Medical Board investigation, license suspension/unemployment and consequential financial issues are concerning given they constitute stressors that challenge and, at times, impair Father's judgment and may place the children at risk without monitoring.

**¶14** Based on this evidence, the court restricted Father's parenting time, devising a parenting plan that was "designed to ensure the safety of the children by encouraging Father' sobriety." Based on the record, we find no abuse of discretion, and affirm the court's parenting plan.

## II. Settlement Conference

**¶15** Father next argues the superior court "erred when it was supposed to hold an evidentiary hearing in December 2014" but instead held a settlement conference. The order entered the day of the hearing states:

> Pursuant to stipulation of the parties[,] the Court converted the Trial scheduled for December 16, 2014 into a Settlement Conference. The Court has been advised the parties[] reached [an] agreement on all issues.

The order further directs the parties to submit a stipulated agreement within ten days. The parties failed to do so.

**¶16** Arizona Rule of Family Law Procedure ("Rule") 67 permits a judge or commissioner presiding over an action to conduct a settlement conference "[u]pon agreement of the parties." Ariz. R. Fam. L.P. 67(D). Here, the record indicates the parties stipulated to a settlement conference before the judge assigned to their case.[4] There is no evidence in the record

---

[4] Relying on this court's decision in *In re Jesse M.*, 217 Ariz. 74 (App. 2007), Father argues that "a judge does not have the discretion to disregard the statutory requirement for a verbatim record." That case, however, involved the application of A.R.S. § 36–539(E), which requires a verbatim

that Father objected to the settlement conference; indeed, the record reflects his acquiescence. Accordingly, we find no error.[5]

### III.    Dr. Cady's Testimony

**¶17**          Father also argues the superior court erred in permitting Dr. Daniel Cady to testify. Father asserts that Dr. Cady was not qualified to testify as an expert pursuant to Arizona Rule of Evidence 702.

**¶18**          A court has broad discretion in determining whether a witness is qualified to testify as an expert. *State v. Romero*, 239 Ariz. 6, 9, ¶ 11 (2016). We review the superior court's decision to admit Dr. Cady's expert testimony for an abuse of discretion. *Id.* at ¶ 15.

**¶19**          Mother disclosed Dr. Cady as an expert witness pursuant to Rule 49(H). Her disclosure indicated that Dr. Cady would provide "his professional opinions regarding adult onset and/or diagnosis, symptoms and treatment of adult Attention Deficit Disorder and Adult Attention Deficit Hyperactivity Disorder."

**¶20**          Dr. Cady is a licensed psychologist with experience performing psychological evaluations and knowledge regarding attention deficit disorder ("ADD") and attention deficit hyperactivity disorder ("ADHD"). Our review of Dr. Cady's credentials and testimony confirms that he had the experience, training, and education to offer an opinion on the subject of adult onset ADD and ADHD.[6] The superior court did not abuse its discretion in permitting him to testify.

---

record for involuntary commitment proceedings. *See id.* at 81, ¶ 37. There is no such statutory requirement applicable here.

[5]      Father also argues that Rule 67 "requires that a report be produced with the resolved and unresolved issues, and then provided to the court." The rule, however, requires a report only if the parties do not reach an agreement or reach only a partial agreement. *See* Ariz. R. Fam. L.P. 67(D)(7). Here, the record reflects the parties reached an agreement "on all issues"; therefore, no report was required.

[6]      Father's reliance on *Rodriguez v. Jackson*, 118 Ariz. 13 (App. 1977) for the proposition that "medical testimony means testimony by physicians" is misplaced. *Id.* at 17. *Rodriguez* stands for the proposition that in a medical malpractice case, the standard of care for a physician must be established by an expert physician.

## IV.    Abbie Roses' Testimony

**¶21**        Father last argues the superior court erred by allowing Abbie Roses to testify because "the Court stated on the record that it had a relationship with the witness, [b]ut nowhere on the record did any advisement or waiver of such conflict occur."

**¶22**        At trial, Mother called Abbie Roses, a realtor who attempted a short sale of Father's home.  Prior to her testimony, the superior court stated: "I will note for the record that I have already disclosed [to] the parties my familiarity" with Ms. Roses.   Father did not object to Ms. Roses' testimony.

**¶23**        "It is well established that failure to object to evidence, testimony or arguments waives these matters on appeal." *State v. Thomas*, 130 Ariz. 432, 435 (1981).  Father failed to object to Ms. Roses' testimony at the time of trial.  Therefore, he has waived this issue on appeal.

### CONCLUSION

**¶24**        For the foregoing reasons, we affirm the superior court's order.  Mother requests attorneys' fees on appeal pursuant to A.R.S. § 25-324.   In the exercise of our discretion, we award Mother reasonable attorneys' fees and costs on appeal subject to her compliance with Arizona Rule of Civil Appellate Procedure 21.

