NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STEPHEN STEINBERG,
*Petitioner*,

*v.*

THE HONORABLE JAY POLK, Judge of
the SUPERIOR COURT OF THE STATE
OF ARIZONA, in and for the
County of MARICOPA,
*Respondent Judge*,

LISA LEEBOVE,
*Real Party in Interest.*

No. 1 CA-SA 17-0015
FILED 2-16-2017

Petition for Special Action from the Superior Court in Maricopa County
No. FC2016-053032
The Honorable Jay M. Polk, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Cynthia D. Starkey, PLLC, Phoenix
By Cynthia D. Starkey
*Counsel for Petitioner*

Davis, Faas, Blase, PLLC, Scottsdale
By Greg R. Davis
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Presiding Judge Diane M. Johnsen delivered the decision of the Court, in which Judge Margaret H. Downie and Judge James P. Beene joined.

---

J O H N S E N, Judge:

¶1        Stephen Steinberg ("Father") petitions for special action relief from the superior court's order dated January 17, 2017.  The court entered the order at the request of Lisa Leebove ("Mother").  The order allows Father supervised visitation with the couple's eight-year-old twins but provides that he may not have unsupervised visitation until he submits to "an observed single hair follicle test and an observed single Screen A test" that are negative for drugs.

¶2        We accept jurisdiction of the petition for special action because Father lacks an equally plain, speedy and adequate remedy at law; he may not enjoy unsupervised visitation with his children without complying with the drug tests mandated by the challenged order.  *See Arvizu v. Fernandez*, 183 Ariz. 224, 227 (App. 1995).

¶3        Father concededly used heroin during his marriage to Mother, which ended in January 2013.  He argues he no longer uses drugs, and that he took monthly urine tests from April 2014 through March 2016, all of which were negative.  At the hearing on Mother's request, Mother testified that one of the children told her that during their last visit with Father, in December 2016, Father "kept trying to fall asleep" in the hotel room, and that the two children "had to keep hitting him with pillows so that he would wake up."  The child called the episode "weird."  Mother testified that when Father was using heroin during the marriage, she would observe him "nod out," and she was concerned that the conduct the child recounted to her indicated that Father was using again.  She said she also was concerned because at the conclusion of the same visit, Father did not wait for the exchange supervisor to arrive before transferring the children to her.  For his part, Father testified the situation the child recounted to Mother was a game in which Father would pretend to be asleep and the children would wake him up with pillows, and a pillow-fight would ensue.

2

He testified he has been free of drugs for three and a half years and tested negative as recently as January 5, 2017. Father also submitted a letter from the physician monitoring his treatment stating that he has been compliant with his program.

¶4         In explaining its ruling, the superior court cited Arizona Revised Statutes ("A.R.S.") section 25-403.04 (2017), which requires a court to consider whether a parent has abused drugs or alcohol when it determines parenting time.[1] The court also cited Arizona Rule of Family Law Procedure 95(B), which provides that, "[u]pon an allegation or showing that a party has abused drugs or alcohol, . . . the court may order substance abuse screening and random testing of that party." The court further explained:

> The court has concerns regarding father's credibility today and finds that mother has established an adequate – adequate cause for the court to order father to submit to an observed single hair follicle test and observed single screen A test.
>
> The court does not find that those tests are so intrusive on – as to father and that the children's best interest outweighs any concerns regarding father's privacy.
>
> Given father's past heroin usage and the children's young age, mother also has established that if the father is using heroin, significant harm may result to the children if they're left in his care unsupervised.

The court further ordered that if the results of both tests are negative, Father will be permitted to resume unsupervised parenting time and Mother will have to reimburse Father for the costs of the tests.

¶5         Father argues that a California court, which had jurisdiction over parenting time when the parties lived in that state, rescinded an earlier order requiring him to drug test after he demonstrated to that court that he was free of drugs. He contends the Arizona court lacks authority to order him to undergo drug testing based "on a mere allegation . . . that [he] *might* be using drugs." According to Father, neither Rule 95(B) nor A.R.S. § 25-403.04 grants the superior court authority to order random drug testing in

---

[1]         Absent material revision after the relevant date, we cite a statute's current version.

connection with a parenting-time issue. He also argues the court's order violates his Fourth Amendment rights.

**¶6** As stated, however, the order in this case was not based on a "mere allegation," but was based instead on findings by the court, supported by the evidence and the court's credibility determination, that the children may be at risk of significant harm if they are left unsupervised in Father's care before Father successfully passes a single observed hair follicle test and a single observed urinalysis test.

**¶7** Father's broader contention that the superior court has no authority to order a parent to drug-test likewise is unfounded. The court did not order Father to take a drug test; it conditioned his enjoyment of unsupervised visitation on successful completion of the drug tests. Father is not required to take the tests; he may choose not to do so. Under A.R.S. § 25-411(J) (2017), the court may exercise its power to restrict parenting time (that is, it may order that parenting time must be supervised) when "it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." *See Hart v. Hart*, 220 Ariz. 183, 187, ¶ 16 (App. 2009). The court made such a finding here, and there is sufficient evidence in the record to support that finding. *See Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10 (App. 2015) (restriction on parenting time under § 24-411(J) is reviewed for abuse of discretion).

**¶8** Father likewise has failed to establish a violation of his Fourth Amendment rights. *See Petersen v. City of Mesa*, 207 Ariz. 35, 38, ¶ 10 (2004) (government-mandated random search generally must be based on "some level of individualized suspicion of wrongdoing"). Father contends that requiring a parent to take a drug test at a time when the children are not in the parent's care does not protect the children's safety. In this situation, however, where Father has an admitted history of heroin addiction and is seeking unsupervised parenting time, the court did not abuse its discretion in concluding that the safety of the children justified one-time drug testing.

**¶9** Father cites *Wainwright v. Superior Court*, 100 Cal. Rptr. 2d 749 (App. 2000), but that case is unavailing. At issue there was a ruling in a custody dispute that premised a mandatory drug test on a statute providing that, in determining the best interest of a child, the court "may require substantial independent corroboration" of "allegations of abuse." Cal. Fam. Code § 3011 (West 2017). The court of appeals reversed the order, holding that despite one parent's concern that the other might be using marijuana, the statute did not authorize "court-ordered drug testing unchecked by substantive and procedural guidelines." *Wainwright*, 100 Cal. Rptr. 2d at

752. The findings the superior court made in this case, along with the nature of the drug and Father's history of addiction, distinguish this case from that one.

¶10       As further support for his contention that the order violates his Fourth Amendment rights, Father argues that the results of the required drug test will not be confidential. But Father did not ask the court to order the results to be kept confidential, and, in any event, we are hard-pressed to see why, if the results are not negative, Father's rights in confidentiality overcome the children's best interests. Further, the fact that he has a history of heroin addiction already is a matter of public record, given the parties' respective filings preceding the court's ruling.

¶11       Finally, Father also argues that the court's order infringes his due-process right to maintain a relationship with his children. He offers no legal or factual support, however, for his contention that an order requiring one round of testing, under the circumstances presented here, violates that right.

¶12       For the reasons stated, although we accept jurisdiction of Father's petition for special action, we deny relief.

