NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

JOSEPH MISSMAN, *Petitioner/Appellant,*

*v.*

PATRICIA ROSE PETERSON, *Respondent/Appellee.*

No. 1 CA-CV 16-0323 FC
FILED 3-9-2017

---

Appeal from the Superior Court in Maricopa County
No. FC2015-090149 SE
The Honorable Justin Beresky, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Joseph Missman, Chandler
*Petitioner/Appellant*

Ellsworth Family Law, P.C., Phoenix
By Spencer T. Schiefer
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E**, Judge:

**¶1**　　　　Joseph Missman ("Father") appeals from the superior court's order regarding parenting time.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**　　　　Father and Patricia Peterson ("Mother") were not in a relationship when they conceived a child ("Child") in December 2013. After learning that Mother was pregnant, Father denied paternity and informed Mother that he was unwilling to help raise Child.

**¶3**　　　　Father did not attempt to reestablish contact with Mother until five months after Child was born, when on January 22, 2015, he filed a Petition for Court Order for Paternity. Father petitioned for equal parenting time and joint legal decision-making authority.  Following an August 2015 hearing, paternity was established, and Father was granted supervised parenting time pending a full hearing on his petition.

**¶4**　　　　A hearing was held on April 5, 2016, at which Father testified about his ability to properly care for Child and his willingness to co-parent with Mother.  Mother testified that she could not completely trust Father because of his failure to accept responsibility as a parent during her pregnancy and for several months after Child was born. Mother expressed a willingness to grant Father more parenting time, but wanted Father's visitation with Child to increase gradually.

**¶5**　　　　The superior court awarded Father unsupervised parenting time, which started at one day a week, but expanded to three days and two nights per week by September 1, 2016.  The parenting time was structured to accommodate Father's work schedule.

¶6        Father timely appealed the superior court's determination of parenting time. This court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–120.21(A)(1) (2017) and –2101(B) (2017). [1]

## DISCUSSION

¶7        We review the superior court's order regarding parenting time for an abuse of discretion. *Hart v. Hart,* 220 Ariz. 183, 185, ¶ 8 (App. 2009). The superior court abuses its discretion if no evidence supports its decision, *Pridgeon v. Superior Court*, 134 Ariz. 177, 179 (1982), or if it commits an error of law in exercising its discretion. *Grant v. Ariz. Pub. Serv. Co.*, 133 Ariz. 434, 455-56 (1982). In a contested parenting time case, the superior court must "make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interest of the child." A.R.S. § 25-403(B) (2017). A court's failure to make these findings constitutes an abuse of discretion. *In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 5 (App. 2002).

¶8        Father argues on appeal that the superior court granted him insufficient parenting time because it did not properly weigh the evidence in accordance with A.R.S. § 25-403 and Arizona public policy.

¶9        In weighing the factors under § 25-403, the superior court found that Child was bonding well with both parents and that both parents are capable of properly caring for Child. The superior court did note, however, that Father refused to support Mother during her pregnancy and was absent for five months after Child was born. Balancing the evidence, the superior court found that it was in Child's best interest to grant Father unsupervised parenting time, gradually increasing his time with Child over a five month period. The superior court considered all relevant § 25-403 factors in determining parenting time and reasonable evidence supported its findings.

¶10        Father finally argues that because Arizona public policy supports maximizing parenting time for both parents, the superior court erred by not granting him equal parenting time with Mother. In support of his argument, Father cites A.R.S. §§ 25-103(A) (2017) (law supports strong families), 25-103(B) ("it is in a child's best interest . . .[t]o have substantial, frequent, meaningful and continuing parenting time with

---

[1]        Absent material revision after the relevant date, we cite the current version of a statute unless otherwise stated.

both parents"), and 25-403.02(B) (2017) (plan that maximizes parenting time consistent with "child's best interest"). Although parents have a fundamental right to exercise custody and control over their children, that right is tempered by what is in that child's best interest. *Baker v. Meyer*, 237 Ariz. 112, 114, ¶ 6 (App. 2015). Here, the superior court's order thoroughly addressed each of the relevant factors set forth in § 25-403 when determining what was in the best interest of Child, and this court will not re-weigh that evidence. *See Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).

## CONCLUSION

**¶11** For the foregoing reasons, we affirm the superior court's order.

**¶12** In our discretion, we decline Mother's request for attorney's fees on appeal pursuant to A.R.S. §§ 25–324 (2017) and 25-809(G) (2017).



AMY M. WOOD • Clerk of the Court
FILED: AA