NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

DANIEL LUVISI, *Petitioner/Appellee,*

*v.*

TAYLOR CLAIRE ELLISON, *Respondent/Appellant.*

No. 1 CA-CV 21-0380 FC
FILED 1-13-2022

Appeal from the Superior Court in Maricopa County
No.  FC2016-072434
The Honorable Susanna C. Pineda, Judge

**AFFIRMED**

COUNSEL

Taylor Claire Ellison, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

**¶1**         Taylor Claire Ellison ("Mother") appeals from the superior court's ruling denying her motion for an order directing Daniel Luvisi ("Father") to reimburse her for certain expenses, motion to remove supervised visits, and petition to enforce parenting time.[1] For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

**¶2**         Mother and Father were married in August 2010 and share a daughter, E.L., born in May 2013.  Father filed a petition for dissolution in December 2016.  In a resulting May 2017 decree of dissolution of marriage, the parties were awarded joint legal decision-making authority and equal parenting time.

**¶3**         In January 2020, Father filed an emergency motion for temporary orders regarding parenting time.  Father alleged Mother was abusing opioid pain killers, and Mother was expelled from her family's home for abusing illicit substances, leaving her homeless.  Father also alleged a Department of Child Safety ("DCS") investigation had been opened, but Mother was not cooperating.  Following the emergency hearing, the court ordered Mother to participate in drug testing, appointed a court appointed advisor ("CAA") to investigate Father's allegations, and set an evidentiary hearing for April 6, 2020.  The prior parenting time orders remained in effect.

**¶4**         Mother's two drug tests were negative for illicit substances.  Due to COVID-19 restrictions, the court vacated the evidentiary hearing

---

[1]     Father did not file an answering brief, which we may, in our discretion, deem a confession of reversible error. *McDowell Mountain Ranch Cmty. Ass'n, Inc. v. Simons*, 216 Ariz. 266, 269, ¶ 13 (App. 2007).  Particularly given that the best interests of a child are involved, we decline to do so.

and instead scheduled a telephonic status conference on April 8, 2020 to discuss rescheduling the evidentiary hearing.

**¶5**         In early April 2020, E.L. returned to Father's home for his parenting time with an iPad she brought from Mother's home. As he later alleged, while assisting E.L. with her homework on the iPad, Father observed numerous pornographic images, pictures of multiple prescription bottles in Mother's home within E.L.'s reach, a picture of a white crystalline substance, and nude photos of Mother and E.L. The iPad also contained text messages of what appeared to be Mother soliciting prostitution, including an exchange with someone asking Mother for "both of you" and "pics of you both." Father also found text messages from Mother requesting someone to "steal" or purchase a prescription drug for her.

**¶6**         Father gave the iPad to an IT professional to have the files and photos copied. The IT professional indicated that the photos and files were stored "in the cloud," and it appeared Mother was deleting the files remotely. Father then delivered the iPad to law enforcement, which opened a criminal investigation, and DCS was also notified. In a proceeding separate from the underlying matter, Father sought and obtained an order of protection against Mother, that also included E.L. as a protected party.

**¶7**         At the April 8, 2020 telephonic status conference, Father notified the court that he had successfully obtained an order of protection, and so temporary orders regarding parenting time were no longer needed. The court vacated the hearing and scheduled a status conference for July 2020 "to determine where things are" with the DCS and law enforcement investigations.

**¶8**         In May 2020, Father filed another emergency petition to modify parenting time. Father indicated that the order of protection had been dismissed, and so he requested the court revoke Mother's parenting time. At an emergency hearing in May 2020, the court issued temporary orders that Mother have four hours of supervised parenting time a week, with Mother responsible for supervision costs. The court ordered Mother to locate a supervisor and email Father the name of the proposed supervisor and visitation dates. The court further ordered Mother to undergo a psychological evaluation, with the cost to be split equally between the two parties, subject to reallocation. Finally, the court ordered Mother to participate in random drug testing, at Mother's cost.

**¶9**         In February 2021, Mother filed a motion to remove the requirement that her parenting time be supervised and a motion for

reimbursement. Mother requested an order requiring Father to reimburse her for half the cost of the psychological evaluation, drug testing, mailing, and notary services. The following month, Mother filed a petition to enforce parenting time, arguing Father was not cooperating with her selected supervising agency in scheduling visits, and that he wrote a disparaging email to her proposed visitation supervisor.

¶10 The court addressed Father's motion to modify parenting time, Mother's petition to enforce parenting time, Mother's motion to remove the parenting time supervision requirement, and Mother's motion for reimbursement at an April 2021 hearing. At that hearing, Mother, Father, and the CAA testified. Father provided evidence that the DCS and law enforcement investigations were ongoing. Some of the photos and text messages from the iPad were admitted into evidence, along with reports from the psychological evaluator and the CAA. The court also reviewed Mother's drug testing results.

¶11 Given the nature of the photographs of E.L. and Mother, Mother's positive drug tests, recent inconsistent drug testing, and Father's testimony regarding Mother's history of substance abuse, the court found supervised visits were in E.L.'s best interests and ordered supervised parenting time of four hours per week. The court further ordered that Mother could have unsupervised parenting time after submitting twelve months of clean drug testing results with no missed tests, successful completion of a substance abuse treatment program within one year and providing proof that any criminal or DCS case is closed.

¶12 Regarding Mother's petition to enforce parenting time, the court ordered Mother could select a professional supervisor without input from Father. Finally, the court denied any other affirmative relief sought before the date of the order that was not expressly granted.

¶13 Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2). *See Yee v. Yee*, 251 Ariz. 71, 76, ¶ 13 (App. 2021).

## DISCUSSION

I. Supervised Parenting Time

¶14 The superior court must "determine legal decision-making and parenting time . . . in accordance with the best interests of the child." A.R.S. § 25-403(A). The court may order supervised parenting time if it finds "that in the absence of supervision the children's physical health

would be endangered or their emotional development significantly impaired or that unsupervised parenting time would seriously endanger the children's physical, mental, moral, or emotional health." *Hart v. Hart*, 220 Ariz. 183, 187, ¶ 16 (App. 2009); *see also* A.R.S. §§ 25-403.04, -410(B), -411(J). The court is not required to make findings on the record to support a supervision order, but the evidence must support the order. *Hart*, 220 Ariz. at 187-88, ¶¶ 16, 19; *see also Taliaferro v. Taliaferro*, 188 Ariz. 333, 335-36 (App. 1996). We review the superior court's parenting time orders for an abuse of discretion. *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). We will uphold the superior court's factual findings unless clearly erroneous. *In re Marriage of Berger*, 140 Ariz. 156, 161 (App. 1983).

**¶15** The superior court found supervised parenting time was in E.L.'s best interests, and the evidence supports the finding that "unsupervised parenting time would seriously endanger [E.L.]'s physical, mental, moral, or emotional health." *See Hart*, 220 Ariz. at 187, ¶ 16. The superior court had "grave concerns about photos Mother admittedly took of the child, Mother's alleged abuse of narcotics, and Mother's lack of understanding regarding exposing the child to certain sexually explicit images." Mother has shown no error.

**¶16** A significant portion of Mother's brief challenges Father's evidence and the superior court's factual findings, including determinations of Mother's credibility, the status of the DCS and police investigations, the wishes of E.L. regarding custody, that Father is physically and mentally healthy, and that Father is more likely than Mother to allow frequent and meaningful contact with E.L. However, we do not reweigh conflicting evidence on appeal and, instead, give due regard to the court's credibility determinations. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009).

**¶17** Mother also argues there is no evidence to support the superior court's finding that she suffered from substance abuse issues. Mother claims she did not submit any negative drug tests, but the record demonstrates Mother tested positive for amphetamines in May and June 2020, and she was a "no show" for testing nine times between November 2020 and April 2021. After Mother was ordered to begin testing for buprenorphine, her results were positive for that substance at each subsequent drug test. While Mother claims she is taking this substance to treat chronic pain, the superior court found Mother lacked credibility, especially given what appeared to be a personal relationship between Mother and her prescribing doctor, as evidenced by their text conversations. Further, Father provided testimony regarding Mother's

long history of abusing prescription drugs and Mother's tablet contained photos of multiple prescription bottles. Mother denies these allegations; but again, we do not second-guess the superior court's credibility determinations, nor do we reweigh conflicting evidence on appeal. *See Hurd*, 223 Ariz. at 52, ¶ 16. Substantial evidence supports the superior court's finding that Mother had a drug abuse problem that justified supervised visitation. *See id.*

¶18 Another significant portion of Mother's brief identifies several arguments that are undeveloped and unsupported by authority. For example, Mother vaguely argues that Father and Father's counsel violated her rights by accessing her iPad without permission, but she fails to support that argument factually or legally and fails to explain which rights were violated. Mother also contends the court failed to advise her of her Fifth Amendment rights until after she began testifying, but she does not identify which incriminating statements she was compelled to make. *See State v. Maldonado*, 181 Ariz. 208, 210 (App. 1994) ("[A] witness does not possess an absolute right to raise the Fifth Amendment to avoid testifying. The witness must first show a reasonable ground to apprehend danger from [her] being compelled to answer.") (internal quotation marks and citations omitted). Mother also claims the court erred in failing to order the parents to participate in co-parenting counseling as recommended by the psychologist, but cites to no legal authority holding the court is bound by an evaluator's recommendations. Accordingly, she has waived these arguments on appeal, and we do not address them further. *See Sholes v. Fernando*, 228 Ariz. 455, 460, ¶ 14 n.3 (App. 2011); *Polanco v. Indus. Comm'n*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007).

¶19 Finally, Mother raises various challenges as to the admission of the tablet photos at the hearing. Mother argues Father "did not provide the basis" of the images, "did not provide how he obtained" the images, he did not provide the physical iPad, and he did not provide "a basis for an IT professional" who allegedly pulled the photos off the iPad for Father. To the extent Mother is raising authentication issues, there is no indication the Rules of Evidence were invoked at the hearing. *See* Ariz. R. Fam. Law P. 2(b)(1). Nevertheless, Mother fails to cite any authority to support her suggestion that the tablet photos were not properly admitted. She has shown no error.

¶20 The superior court did not abuse its discretion in finding "unsupervised parenting time would seriously endanger [E.L.]'s physical, mental, moral, or emotional health." *See Hart*, 220 Ariz. at 187, ¶ 16.

II.     Reimbursement

**¶21**       Mother also argues that the court failed to address her request for reimbursement.  Before the hearing, and in taking the matters under advisement at the hearing, the court issued minute entries stating it would address Mother's motion for reimbursement.  Although there is no specific mention of Mother's request for reimbursement in the court's ruling, the superior court denied "any affirmative relief sought before the date of this Order that is not expressly granted above," which would encompass Mother's request for reimbursement.  Mother did not make a request for written findings, did not request clarification or reconsideration and has failed to submit the hearing transcript.  We assume the missing portions of the record support the superior court's ruling.  *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see also* ARCAP 11(c); *Horton v. Mitchell*, 200 Ariz. 523, 526, ¶ 13 (App. 2001) ("When there is no request for findings and the trial court does not make specific findings of fact, we must assume that the trial court found every fact necessary to support its [ruling] and must affirm if any reasonable construction of the evidence justifies the decision.") (internal quotation marks and citations omitted).

**¶22**       Mother argues the court erred in failing to order Father to reimburse her for half of the psychological evaluation fee and all of the drug testing fees.  While the court initially ordered the parties to equally pay the fees for the psychological evaluation, it stated the fees were "subject to reallocation."  Again, Mother failed to submit the hearing transcript, and so we assume the record supports the court's allocation of these costs to Mother.  *See Baker*, 183 Ariz. at 73; ARCAP 11(c).  Mother fails to elaborate or cite to any authority that would show she is entitled to reimbursement for these costs.  She has shown no error.

**¶23**       Finally, Mother asks that we order Father to reimburse her for a court filing fee and supervision costs.  However, Mother failed to raise these requests in her motion before the superior court.  Therefore, she has waived these arguments.  *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utils., LLC*, 227 Ariz. 382, 386, ¶ 12 (App. 2011) (arguments not raised with the superior court are waived on appeal).  Further, this court cannot award superior court costs on appeal.  *See* ARCAP 21(b)(1) (allows court to award only costs incurred "on appeal or review").

**CONCLUSION**

¶24        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA