NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RANDY LEE JONES, *Petitioner/Appellant*,

*v.*

JENNIFER JEAN JONES, *Respondent/Appellee.*

No. 1 CA-CV 21-0448 FC
FILED 3-17-2022

Appeal from the Superior Court in Maricopa County
No.  FC2016-096729, FC2018-052461
The Honorable Suzanne Scheiner Marwil, Judge

**AFFIRMED**

COUNSEL

Law Office of Louis Lombardo PC, Chandler
By Louis K. Lombardo
*Counsel for Petitioner/Appellant*

Burggraff Tash Levy PLC, Phoenix
By Michael Dinn, Randi Burggraff, Bryan K. Levy
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Brian Y. Furuya joined.

---

**P E R K I N S**, Judge:

¶1 Randy Lee Jones ("Husband") appeals the superior court's ruling finding his financial settlement agreement with Jennifer Jean Jones ("Wife") substantively fair. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 The parties married in October 2006 and share one minor child. Husband filed for dissolution in December 2016 and the parties appealed the resulting decree. We set out the background facts in an earlier decision, and we summarize now only those facts relevant to this appeal. *See Jones v. Jones ("Jones I")*, 1 CA-CV 20-0081, 2020 WL 7587115 (Ariz. App. Dec. 22, 2020) (mem. decision).

¶3 Following a mediation, the parties entered into an Arizona Rule of Family Law Procedure 69 financial settlement agreement ("Agreement"). The Agreement addressed the division of property and debt, spousal maintenance, attorneys' fees, and insurance payments. The superior court denied Husband's request for a hearing to determine whether the Agreement was unfair. The court explained it "already determined in February 2019 that it will not revisit a Rule 69 agreement negotiated by able counsel at [mediation]." In his post-decree appeal, Husband argued the court improperly adopted the Agreement without independently evaluating its fairness. He also argued the record lacked sufficient evidence to accurately assess the Agreement's fairness without a hearing. *Id.* at *2, ¶ 8. In *Jones I*, we vacated the orders denying Husband's requests and remanded for a hearing on the substantive fairness of the Agreement. *Id.* at *4, ¶ 20.

¶4 The superior court held a hearing in May 2021, during which it heard testimony from Husband's expert on his business's value and admitted reports from the parties' many experts. The experts opined on: Husband's ownership interest in his business and the character of Husband's distributions; the accuracy and validity of Husband's tracing

analysis; and Wife's community lien claims. Husband testified he had full knowledge of the character and values of the assets at the time of the mediation. But Husband asserted he did not know "how the court would rule" on the character of the assets. Husband then admitted he was aware of and had access to all relevant information, including expert reports, discovery, court filings, and his own analysis of the foregoing, before the parties negotiated the Agreement.

¶5        In June 2021, the superior court found the parties' Agreement was not substantively unfair and issued a 31-page ruling detailing the evidence on which it relied. The court noted Husband applied the wrong legal standard and his argument that the Agreement mischaracterized property lacked evidentiary support. The court found Husband had full knowledge of the assets comprising the community estate, he knew the character of those assets when he signed the Agreement, and his arguments "lack[ed] credibility." The court determined the Agreement was not unfair for three reasons: (1) Husband and Wife received most of the assets they claimed as sole and separate property; (2) Husband entered the negotiations with full knowledge of the character and value of the property; and (3) the equalization payment was reasonable given Wife's surrender of any community lien, transmutation, and spousal maintenance claims.

¶6        Husband timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶7        We will uphold a superior court's distribution of property absent an abuse of discretion. *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). A court abuses its discretion when: (1) the record is devoid of competent evidence to support its decision, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009), or (2) "it misapplies the law or predicates its decision on incorrect legal principles." *Hammett v. Hammett*, 247 Ariz. 556, 559, ¶ 13 (App. 2019) (cleaned up). We construe the evidence in the light most favorable to affirming the distribution, and we will not reweigh the evidence. *See Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51, ¶ 11 (App. 2009).

¶8        "To promote the amicable settlement of disputes between parties" in a dissolution proceeding, "the parties may enter into a written separation agreement containing provisions for disposition of any property owned by either of them, maintenance of either of them, and support, custody and parenting time of their children." A.R.S. § 25-317(A). "[T]he terms of the separation agreement . . . are binding on the court unless it

finds, after considering the economic circumstances of the parties and any other relevant evidence produced by the parties, . . . the separation agreement is unfair." A.R.S. § 25-317(B). Rule 69 agreements are presumed valid and a party challenging their validity "has the burden to prove any defect," but the superior court must independently assess their fairness. *See* Ariz. R. Fam. Law P. 69(c); *see also Buckholtz v. Buckholtz*, 246 Ariz. 126, 128, ¶ 1 (App. 2019).

¶9            To fulfill its independent obligation to ensure fairness, the superior court must have before it sufficient evidence to establish the parties had full knowledge of the property involved, including "whether the property at issue is community or separate." *See Buckholtz*, 246 Ariz. at 132, ¶ 22. Parties may consider their separate property to structure a Rule 69 agreement if the record establishes they did so with "full knowledge" of the character of their property. *Id.* at ¶ 20.

¶10           On remand from *Jones I*, the superior court held a hearing to evaluate the Agreement's substantive fairness. The record is now replete with tax returns, bank statements, pay stubs, appraisals, valuations, deeds, and other documents from the parties, detailing the extent of their separate and community assets at the time of the Agreement. The record also includes testimony on disputed issues from the parties and their experts. And the court made detailed factual findings to support its conclusion on every piece of disputed property.

¶11           Husband now asks us to expand the superior court's obligation beyond an independent fairness determination. He contends the court had to engage in a complete property division assessment separate from the terms of the Agreement and then compare that assessment with the terms of the Agreement. The legislature did not choose to include such a requirement in § 25-317(B) and we will not write such a requirement into the statute. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶ 17 (App. 2009) ("[S]tandard principles of statutory construction require that we do not judicially impose a requirement the legislature has intentionally chosen not to require.").

¶12           Husband's other arguments are also without merit as he simply asks us to reweigh the evidence. Husband faults the superior court for giving less weight to his tracing analysis and for not rejecting the Agreement because he believes Wife would have been unsuccessful on her community lien claims. Husband misstates the court's role in a fairness hearing. *See Jones*, 1 CA-CV 20-0081, at *2, ¶¶ 9–10 (outlining the five factors the court had to consider when determining fairness). And even if the record supported characterizing some or all assets as his separate property,

the court was free to consider his separate property because Husband testified he knew the extent and character of the property included in the Agreement. *See Buckholtz*, 246 Ariz. at 132, ¶ 20.

**¶13**     Sufficient record evidence thus supports the superior court's ruling, and the court did not abuse its discretion in concluding the Agreement is not unfair.

**¶14**     Wife requests attorneys' fees and costs on appeal. We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal. In the exercise of our discretion, we grant Wife reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶15**     We affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA