NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SCOTT ROBERT CASH, *Petitioner/Appellant*,

v.

JENNIFER NICOLE CASH, *Respondent/Appellee*.

No. 1 CA-CV 20-0182 FC
FILED 12-15-2020

Appeal from the Superior Court in Maricopa County
No. FC2019-007313
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Scott Robert Cash, Mesa
*Petitioner/Appellant*

Bishop Law Office PC, Phoenix
By Tawnia R. Wienke, Daniel P. Beeks
*Counsel for Respondent/Appellee*

<hr>

## MEMORANDUM DECISION

Judge Cynthia J. Bailey delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Kent E. Cattani joined.

<hr>

**B A I L E Y**, Judge:

¶1 Scott Cash ("Father") appeals from the decree of dissolution permitting his children to relocate to Kansas and the resulting long-distance parenting plan. Because Father has shown no error, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 Father and Jennifer Cash ("Mother") were married for eight years and have two minor children, J.C., born in March 2014, and A.C., born in September 2015. Mother and Father met and were married in Kansas and lived there before moving to Arizona in 2017.

¶3 In early September 2019, after an argument over child discipline, Mother told Father she would be moving back to Kansas with the children. Father did not object when Mother rented a U-Haul, packed the children's toys and clothing and much of the parties' furniture and left without saying when they would return.

¶4 After Mother and the children had been gone for a few weeks, Father filed a petition for dissolution.

¶5 Over Father's objection, the court entered temporary orders awarding joint legal decision-making, and designating Mother as the children's primary residential parent in Kansas, and granting Father one week of parenting time per month.

¶6 At the dissolution trial in January 2020, both parents sought to be the children's primary residential parent. In arguing that the children should return to Arizona, Father testified J.C. does not have the same access to a speech pathologist in Kansas as he did in Arizona. He also testified J.C.'s grades were "below grade level" in many areas. As for A.C., Father

<hr>

[1] "We view the evidence in the light most favorable to sustaining the family court's findings . . . ." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015).

testified that on the one occasion that he dropped her off at her daycare in Kansas, she seemed withdrawn and sad. He also testified that his relationship with both children is now strained.

**¶7** Mother testified that she had always been the children's primary caregiver. She testified that Father became easily frustrated when caring for the children and had told her that he could not handle the children for more than six hours at a time. With respect to J.C.'s performance at school, Mother stated that he was below grade level and had behavioral issues in Arizona before the move. She added that J.C. was meeting his goals in his special education classes, and that he had continued his speech therapy over Skype. As to A.C., Mother indicated that she smiles and seems happy when being picked up from daycare.

**¶8** Mother and maternal grandmother both testified that on several occasions, they saw Father spank the children forcefully. Father admitted he spanked the children, but denied he left red marks or bruises.

**¶9** The court awarded joint legal decision-making and designated Mother as the children's primary residential parent. The court ordered a long-distance parenting plan with a provision that Father can exercise additional parenting time in Kansas upon seven days' notice.

**¶10** We have jurisdiction over Father's timely appeal pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶11** "We review parenting time orders for an abuse of discretion." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019). "[T]he family court is in the best position to judge the credibility of the witnesses and resolve conflicting evidence, and appellate courts generally defer to the findings of the family court." *Vincent*, 238 Ariz. at 155, ¶ 18. We review questions of statutory interpretation de novo. *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 491, ¶ 9 (App. 2020).

**¶12** Father argues the court's findings do not adequately support the court's decision to allow the children to relocate to Kansas and make Mother the primary residential parent. "When entering a decree of dissolution involving minor children, the 'court shall determine . . . parenting time . . . in accordance with the best interest of the child.'" *Woyton*, 247 Ariz. at 531, ¶ 6 (quoting A.R.S. § 25-403(A)). In determining whether to allow a parent to relocate with the parties' children, the court

3

must consider all the relevant factors set forth in A.R.S. § 25-408(I), including an assessment of the best interests of the children under § 25-403(A).

¶13        Here, the court made findings and considered all the relevant factors under both A.R.S. §§ 25-403(A) and -408(I).  Father does not challenge any specific findings made pursuant to either section, but rather challenges the court's weighing of the children's best interests against his right to continue to have a meaningful relationship with them.  The court, however, appropriately considered Father's interest in a meaningful relationship when it evaluated whether relocating to Kansas was in the children's best interests.  The court noted that Father had implicitly agreed to allow Mother to move there with the children.  The court also considered that although the temporary order allowed Father one week of parenting time per month, he had exercised only two days-long visits with the children in four months.  The court concluded that Father had a realistic opportunity for parenting time with the children even if they remained in Kansas.  The order also allows Father to exercise additional parenting time in Kansas, if he provides seven days' notice to Mother.

¶14        Father argues the court's ruling did not consider whether relocation was in the best interest of the children and *Father*.  But the court properly focused on the children, rather than on Father.  *See* A.R.S. § 25-403(A) ("The court shall determine . . . parenting time . . . in accordance with the best interests of the *child*." (emphasis added)); A.R.S. § 25-408(G) (requiring the parent seeking to relocate to prove relocation is in the child's best interests).  To the extent Father argues the court improperly weighed certain factors, we do not reweigh evidence on appeal.  *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 282, ¶ 12 (App. 2002).  Accordingly, Father has not shown the court abused its discretion in finding relocation was in the children's best interests.

¶15        Father also argues the order improperly restricted his parenting time because Arizona statutes mandate substantial and frequent parenting time and the court did not find Father's parenting time would endanger the children pursuant to A.R.S. § 25-411(J).

¶16        Generally, near-equal parenting time is presumed to be in the child's best interests.  *Woyton*, 247 Ariz. at 531, ¶ 6.  Nonetheless, equal parenting time may not always be feasible, particularly when the parties live in different states.  *Id.*  Although A.R.S. § 25-103 "provides that as a matter of public policy, absent evidence to the contrary, 'it is in the child's best interest . . . [t]o have substantial, frequent, meaningful and continuing

parenting time with both parents,'" "[t]hat directive does not require equal parenting time." *Gonzalez-Gunter*, 249 Ariz. at 492, ¶ 12 (quoting A.R.S. § 25-103(B)(1)).

**¶17**     Under *Gonzalez-Gunter*, "the limitation in § 25-411(J) on the court's power to 'restrict . . . parenting time rights' does not apply to a diminution in parenting *time*." *Id.* at ¶ 13. Section 25-411(J) applies to the court's ability to place conditions on *how* a parent exercises his or her "parenting time *rights*." *Id.* (first emphasis added). Here, the court did not place any restrictions on how Father could exercise his parenting time. Instead, it awarded Father ten weeks of parenting time in Arizona, plus any additional time Father chooses to exercise in Kansas. Accordingly, the court did not abuse its discretion in awarding Father less than equal parenting time.

## CONCLUSION

**¶18**     For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:     AA