NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

MICHAEL KENNEDY, *Petitioner/Appellant*,

*v.*

TRACY KENNEDY, *Respondent/Appellee*.

No. 1 CA-CV 19-0763 FC
FILED 12-17-2020

Appeal from the Superior Court in Maricopa County
No. FC2015-090771
The Honorable Erin O'Brien Otis, Judge (Retired)

**AFFIRMED**

COUNSEL

Ortega & Ortega, PLLC, Phoenix
By Alane M. Ortega
*Counsel for Petitioner/Appellant*

Tracy Kennedy, Gilbert
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1        Michael Kennedy ("Father") appeals from a superior court order modifying legal decision-making authority, parenting time, and child support.  For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Father and Tracy Kennedy ("Mother") married in 2010, and their three children (the "Children") were born in July 2013.  In late 2015, Father petitioned for divorce.

¶3        The parties entered an agreement regarding legal decision-making authority and parenting time pursuant to Arizona Rule of Family Law Procedure 69.  Father's work schedule required frequent travel, so the agreement provided Mother would be the Children's primary residential parent, Father would have parenting time three consecutive weekends on a four-weekend rotation and four-day stretches four times a year, and the parties would alternate holidays.  Mother and Father agreed to joint legal decision-making authority with Mother exercising "presumptive final decision-making authority regarding all major decisions."  The superior court ordered Father to pay Mother $1,670 per month in child support.

¶4        Due to the parties' difficulties in communicating about the Children, one of whom has special needs, the court appointed a parenting coordinator, Dr. Branton.  In reports to the superior court, Dr. Branton described the case as "extremely chaotic" because both parties "express[ed] multiple concerns about the other parent" including allegations "that the other has serious mental health issues."  Dr. Branton expressed concerns that Mother "struggl[ed] to believe that Father can safely and appropriately care for the children," which the doctor attributed to Father's criminal conviction for domestic violence against Mother.  Dr. Branton said Mother would "bombard Father with multiple emails with numerous topics" and enrolled the Children in multiple services or activities.  When Father would not immediately respond to her emails or questioned the need for certain

costs, Dr. Branton noted that Mother expressed concern that Father was disinterested in the Children's needs and "was blocking her efforts for the appropriate services."

**¶5** Father petitioned to modify parenting time and child support orders in January 2018, citing a change in his work schedule that allowed him to spend more time with the Children. He proposed extending his weekend parenting time by picking up the Children on Fridays instead of Saturday mornings and keeping one child on Sunday nights to have "some individual time with each child." He did not request a modification of legal decision-making authority. Mother opposed the petition, citing concerns for the Children's safety and consistency in their education and therapy schedules.

**¶6** Five months later, Father filed an amended petition to request that Father be the Children's primary residential parent with sole legal decision-making authority, and with Mother having "reasonable" parenting time. He described continuing difficulty co-parenting with Mother and cited Dr. Branton's reports. At the same time, Father filed a petition for temporary orders that reflected his requests in his amended petition to modify.

**¶7** After an evidentiary hearing, the superior court entered temporary orders awarding joint legal decision-making authority and providing a 3-3-1 parenting-time schedule in which Mother had the Children Sunday through Tuesday, Father had the Children Wednesday through Friday, and the parties alternated Saturdays. In accordance with his additional parenting time, the court decreased Father's child-support payments to $945 monthly.

**¶8** The temporary orders stayed in place for one year while litigation continued. After a one-day trial at which Father, Mother, and Dr. Branton testified, the court made findings regarding the Children's best interests. It awarded the parents joint legal decision-making authority, with Mother having final decision-making authority for medical and educational matters. The court also ordered Mother to be the primary residential parent and awarded Father parenting time for three weekends on a rotating four-weekend schedule, with his parenting time beginning on Friday evenings. Father's child-support obligations were increased to $1,695 per month.

**¶9** Father moved for reconsideration of the court's order, which the court denied. He timely appeals, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A).

## DISCUSSION

**¶10** Father argues the superior court erred when it modified legal decision-making authority and parenting time without complying with the analysis requirements listed in A.R.S. § 25-403(B). He also seeks recalculation of his child-support obligations based on a recalculation of parenting time.

**¶11** We review legal decision-making authority and parenting time orders for an abuse of discretion. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013). In determining legal decision-making authority and parenting time, the superior court must consider "all factors" regarding the child's best interests set forth in A.R.S. § 25-403(A). "[T]he court shall make specific findings on the record about all relevant factors and the reasons for which the decision is in the best interests of the child." A.R.S. § 25-403(B). "Failure to make the requisite findings . . . can constitute an abuse of discretion requiring reversal and a remand." *Hart v. Hart*, 220 Ariz. 183, 186, ¶ 9 (App. 2009).

**¶12** Before considering a petition to modify legal decision-making authority and parenting time, the court must determine whether a change in circumstances materially affecting the children's welfare has occurred. *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013). Such a finding does not obligate the court to modify such orders; rather, the court must then "determine whether a change in custody would be in the child's best interests." *Id.* And if the court does modify legal decision-making authority and parenting time, the court is not obligated to modify orders to favor the petitioner. *Sundstrom v. Flatt*, 244 Ariz. 136, 138, ¶ 7 (App. 2017) ("Once a party has petitioned to modify legal decision-making and the court has found adequate cause for a hearing, the petitioning party must be prepared for the possibility that the court will not view the evidence favorably to the petitioner.").

**¶13** Father contends the court erred in failing to make specific findings regarding why the modified orders are in the best interests of the Children. The statutory requirement in A.R.S. § 25-403(B) "exists not only to aid an appellant and the reviewing court, but also for a more compelling reason—that of aiding all parties and the family court in determining the best interests of the . . . children both currently and in the future." *Reid v.*

*Reid*, 222 Ariz. 204, 209, ¶ 18 (App. 2009). In support of his position, Father relies on a memorandum decision issued by this court, in which we remanded an order modifying parenting time because, despite making "thorough factual findings," the superior court did not explain why the order was in the child's best interests. *See Sidoti v. Sidoti*, 1 CA-CV 18-0650 FC, 2019 WL 2775564, at *2, ¶ 6 (Ariz. App. July 2, 2019) (mem. decision). In *Sidoti*, this court determined the superior court's findings did not "suggest any of the statutory factors weighed heavily in favor of either parent." *Id.*

**¶14** As Father correctly acknowledges in his opening brief, memorandum decisions are not precedential and may be cited by parties only under limited circumstances, including "for persuasive value" and when "no opinion adequately addresses the issue before the court." Ariz. R. Sup. Ct. 111(c)(1)(C). Assuming no other opinion adequately addresses the issue, we still do not find *Sidoti* persuasive. Although the modification order in this case used the same reasoning as the order at issue in *Sidoti*, the court's findings here also outline factors weighing in favor of Mother and supporting the court's order. These factors include the court's findings that since the temporary orders took effect, the Children had soiled themselves at school, their school progress lapsed and they needed to repeat kindergarten, and Father continued to travel frequently and routinely left the Children in the care of his assistants or employees. Also, unlike in *Sidoti*, where "neither parent argue[d] the record . . . could not support a conclusion that the other parent's alternative is in [the child's] best interests," here, Mother argues the record does not support a conclusion that Father's proposed orders were in the best interests of the Children. *See id.* at *2, ¶ 7. Accordingly, we find the court's findings provide the sufficient "baseline information" required by A.R.S. § 25-403 and adequately inform the court's orders. *See Reid*, 222 Ariz. at 209, ¶ 19.

**¶15** As to the court's order granting joint legal decision-making authority, Father argues the court erred in granting Mother final decision-making authority as to education and medical issues because the court found joint legal decision-making authority to be "logistically possible." But "logistically possible" does not necessarily translate to being in the Children's best interests. Here, the court found the parties had a "high conflict relationship, which will make joint legal decision-making a challenge." The court also found the parties had "constantly disagreed over the [C]hildren's providers, schedules, activities, and behavior." Although Dr. Branton suggested the parties could potentially work together through a mediator, the record shows Mother and Father have disagreed over parenting coordinator services. The court was not obligated to accept Dr.

Branton's recommendations in exercising its "independent judgment" regarding the Children's best interests. *See Nold*, 232 Ariz. at 273-74, ¶ 14. Given these circumstances, the court did not abuse its discretion in granting Mother final legal decision-making authority for education and medical issues.[1]

**¶16** Father argues the court abused its discretion in ordering less than equal parenting time. He cites A.R.S. §§ 25-103(B)(1) (unless evidence demonstrates otherwise, it is in a child's best interests to have "substantial, frequent, meaningful and continuing parenting time with both parents"), -403.02(B) ("Consistent with the child's best interests . . . the court shall adopt a parenting plan that provides for both parents . . . that maximizes their respective parenting time."), and -411(J) ("[T]he court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health."). But these statutes do not require equal parenting time, even if the court does not find evidence of "parental unfitness or endangerment." *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 492, ¶¶ 11-12 (App. 2020). Although equal parenting time is presumed to be in a child's best interests, the court evaluates all evidence before adopting an appropriate parenting time plan. *Id.*

**¶17** Here, the court had the benefit of evidence of the Children's experiences with an equal parenting time plan. Although the court did not find that Father posed a risk to the Children,[2] its findings indicate the

---

[1] In his opening brief, Father states, "It is well established that a finding of final legal decision-making authority amounts to a grant of sole legal decision-making authority given the recent ruling in *Nicaise v. Sundaram*, 245 Ariz. 566 (2019)." This is incorrect. In *Nicaise*, the Arizona Supreme Court distinguished joint legal decision making with final decision-making authority from sole legal decision-making authority. *Id.* at 568-69, ¶¶ 13-16 (explaining a parent without final legal decision-making authority "preserves some legal authority" regarding his child "subject to consultation and the other parent's approval"). Thus, the court's legal decision-making authority orders here do not "completely deprive[] Father" of the right to participate in legal decisions for the Children.

[2] The court addressed Father's conviction for domestic violence against Mother, conducted analysis as required by A.R.S. § 25-403.03, and determined Father had rebutted the presumption that an award of sole or joint legal decision-making authority to Father is contrary to the Children's

Children did not thrive under the temporary orders requiring equal parenting time, and Father frequently had to outsource the Children's care when he traveled during his parenting time. Although Father characterizes his reduced parenting time (compared to the temporary orders) as a "restrict[ion]" subject to A.R.S. § 25-411(J), we note that the statute addresses the court's authority to impose "conditions" on a parent's exercise of parenting time rights, such as supervision, and "does not apply to a diminution in parenting *time*." *Gonzalez-Gunter*, 249 Ariz. at 492, ¶ 13. The court did not abuse its discretion in adopting an unequal parenting time plan in accordance with the Children's best interests.

¶18        Our holding affirming the court's judgments as to legal decision-making authority and parenting time render Father's request for a recalculation of his child-support obligations moot. Mother requests we "adjust the Child Support according to the Arizona Calculator worksheet, and [Father's] actual income." We find no error in the superior court's calculations, which reflect Father's income as alleged by Mother.

¶19        Father requests his attorneys' fees pursuant to A.R.S. § 25-324(A), (B). In our discretion, we deny his request. Mother is self-represented. As the successful party on appeal, Mother is entitled to her taxable costs upon compliance with ARCAP 21.

## CONCLUSION

¶20        For the foregoing reasons, we affirm the superior court's order modifying legal decision-making authority and parenting time, and we award Mother her taxable costs on appeal.



AMY M. WOOD • Clerk of the Court
FILED:    AA

_____

best interests. The court found "[he] does not further pose a danger to Mother or the children."