NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

TRANG VAN CAMP, *Petitioner/Appellee*,

*v.*

JONATHAN VAN CAMP, *Respondent/Appellant*.

No. 1 CA-CV 20-0607 FC
FILED 10-14-2021

Appeal from the Superior Court in Maricopa County
No. FC 2015-000407
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED IN PART; DISMISSED IN PART**

APPEARANCES

Jonathan Van Camp, Chandler
*Respondent/Appellant*

Singer Pistiner PC, Scottsdale
By Jason Pistiner
*Counsel for Petitioner/Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Samuel A. Thumma and Chief Judge Kent E. Cattani joined.

_____

**C A M P B E L**, Judge:

**¶1** Jonathan Van Camp (Father) seeks to set aside the 2016 decree of dissolution (Decree), which was affirmed in a prior appeal, and he challenges various post-decree rulings of the family court. Father's challenge to the Decree is untimely, and we lack jurisdiction to consider it. We also lack jurisdiction to consider other parts of his appeal, which we dismiss. For the remaining orders for which we have jurisdiction, Father has shown no error, so we affirm those orders.

## BACKGROUND

**¶2** Father and Trang Van Camp (Mother) have three children together, only one of whom is still a minor. In 2019, Father petitioned to modify spousal maintenance, parenting time, and child support. Mother moved to dismiss Father's petition. She also filed a counter-petition to compel payment of past-due spousal maintenance, child support, and attorney's fees, and to force Father to transfer items of property as required under the Decree.

**¶3** The family court dismissed Father's petition to modify spousal maintenance in 2019. The court eventually granted the remainder of Father's petition, modifying parenting time and child support in June 2020 and awarding attorney's fees to Mother in July 2020. Proceedings on Mother's counter-petition and other matters continued until November 2020. Father filed his notice of appeal on October 21, 2020.

**¶4** On appeal, Father challenges the validity of the Decree. He also contends the family court erred by dismissing the portion of his petition that sought modification of spousal maintenance, by ordering him to appear for visitation exchanges, and by ordering the account holder to divest Father of title and transfer title ownership to his children's college-savings accounts to Mother.

## DISCUSSION

**¶5**        We review the family court's rulings on spousal maintenance and parenting time for an abuse of discretion. *Garlan v. Garlan*, 249 Ariz. 278, 280, ¶ 4 (App. 2020); *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 491, ¶ 9 (App. 2020). The interpretation and application of statutes, court rules, divorce decrees, and court orders present questions of law, which we review de novo. *Duckstein v. Wolf*, 230 Ariz. 227, 231, ¶ 8 (App. 2012); *Quijada v. Quijada*, 246 Ariz. 217, 219, ¶ 5 (App. 2019). We view the record in the light most favorable to sustaining the court's rulings, which we will affirm "if there is any reasonable supporting evidence." *Garlan*, 249 at 280–81, ¶ 4.

## I.        Validity of the Decree

**¶6**        We first address Father's contention that the Decree is a void judgment. Father does not contend the family court lacked jurisdiction to enter the Decree. Thus, despite his terminology, Father does not challenge the validity of the Decree. *See Auman v. Auman*, 134 Ariz. 40, 42 (1982) ("Void judgments are those rendered by a court which lacked jurisdiction.").

**¶7**        Instead, he argues the family court erred by entering the Decree without proper procedures or due process. In a prior appeal, however, this Court upheld the Decree, rejecting Father's due-process challenge. *Van Camp v. Van Camp*, 1 CA-CV 16-0341 FC, 2017 WL 2875099, at *2–3, ¶¶ 12–14 (Ariz. App. July 6, 2017) (mem. decision). As the time to request reconsideration of this decision has long since run, we lack jurisdiction to reconsider whether the family court erred in entering the Decree. *See* ARCAP 22(c).

## II.        Dismissal of Father's Petition to Modify Spousal Maintenance

**¶8**        Father next argues the family court abused its discretion by dismissing the portion of his petition that sought modification of spousal maintenance. The court dismissed that portion of Father's petition in 2019, but it did not rule on the remaining issues in his petition until June 2020, when it awarded Mother attorney's fees in an amount to be determined later. In July 2020, the court awarded Mother $10,000 in attorney's fees and thereby fully resolved all issues raised by Father's petition.

**¶9**        This Court has jurisdiction over appeals from post-decree judgments under A.R.S. § 12-2101(A)(2), which allows appeal "[f]rom any special order made after final judgment." *Yee v. Yee*, 251 Ariz. 71, 75, ¶¶ 10–

11 (App. 2021) (quoting A.R.S. § 12-2101(A)(2)). Before an appeal may be taken, however, "the family court must have fully resolved all issues raised in a post-decree motion or petition." *Id.* at 76, ¶ 14. Unlike final judgments, post-decree special orders need not contain a certification of finality under Rule 78(b) or (c) of the Arizona Rules of Family Law Procedure (Rules) to be immediately appealable. *Id.* at 75, ¶ 11. A party must file a notice of appeal within 30 days after entry of a post-decree special order resolving all issues. ARCAP 9(a).

**¶10** Applying these principles, the order dismissing Father's petition to modify spousal maintenance became appealable in July 2020, when the family court entered a sum-certain fee award to Mother. *See Natale v. Natale*, 234 Ariz. 507, 510–11, ¶¶ 11–12 (App. 2014) (enforcement order not appealable until court resolved request for attorneys' fees). Because Father did not file his notice of appeal until almost three months later, his appeal from the dismissal of his petition to modify spousal maintenance is untimely. *Yee*, 251 Ariz. at 75, ¶ 11.

**¶11** Father argues the dismissal of his petition was not appealable until the family court resolved Mother's counter-petition. But "total finality, i.e., the resolution of all pending claims for relief presented in all pending petitions, is not required" for a special order to become appealable. *Williams v. Williams*, 228 Ariz. 160, 166, ¶ 21 (App. 2011). The proceedings on Mother's counter-petition had no effect on Father's time to appeal the dismissal of his petition. Her counter-petition for enforcement was a discrete request for relief, disconnected from Father's petition.

**¶12** Father also contends his time to appeal was extended by his filing of Rule 83 and Rule 85 motions. Rule 83 and Rule 85 motions extend the time to appeal, however, only if they are filed within 25 days of the relevant ruling. ARCAP 9(e)(1), (e)(1)(E); Ariz. R. Fam. Law P. 83(c)(1). Father filed both motions more than 25 days after his petition was finally resolved. Moreover, both motions were directed at contempt rulings the court made on Mother's counter-petition, not rulings the court had made on Father's petition. [1]

---

[1] Father petitioned for special action with this Court in April 2021, unsuccessfully seeking relief from the contempt rulings. *See Van Camp v. Blair*, No. 1 CA-SA 21-0055 (Ariz. App. Apr. 7, 2021) (order accepting jurisdiction and denying relief). Those rulings are not at issue in this appeal.

¶13 Because Father did not timely appeal the dismissal of his petition to modify spousal maintenance, we lack appellate jurisdiction and dismiss that portion of his appeal.

## III. Order Requiring Parents to Exchange Child at Police Station

¶14 Father next claims the family court abused its discretion by ordering him "to personally appear for visitation exchanges." In 2019, the family court ordered the parties to conduct visitation exchanges at a local police station. The order required "[t]he receiving parent [to] wait in the front lobby" and "[t]he parent dropping off the child [to] exercise a 'curbside' drop off." The court repeated that order in its June 16, 2020 ruling.

¶15 After Father began using a ride-share service for exchanges, Mother moved to clarify that the current court order required Father to personally appear at the exchanges. In response to Mother's motion, the court issued a minute entry "affirming the [existing] orders as written," noting "[t]he orders **require the parents** to exchange the child [at the police station]." Father filed a Rule 83 motion to alter or amend the clarification, which the court denied.

¶16 Father argues the court erred in its minute entry by "endors[ing]" Mother's "strict construction" of the exchange orders. But the court did not modify its prior orders; it merely clarified their meaning. Because Father's appeal does not raise "different issues than those that would arise from an appeal from the underlying [orders]," we lack jurisdiction to substantively review the court's clarification. *Yee*, 251 Ariz. at 75, ¶ 10 (internal quotation marks omitted).

¶17 Father also asserts that the family court erred procedurally by failing to make findings and conclusions, by refusing to consider his proposals for alternate exchange procedures, and by cutting short his time to respond to Mother's motion by two days. First of all, a court is "not required to state findings or conclusions in a ruling on any motion" unless otherwise required by rule. *See* Ariz. R. Fam. Law P. 82(a)(2). Second, a motion for clarification does not permit a court to amend a prior judgment. *See* Ariz. R. Fam. Law P. 84(a), (d). Third, even assuming the court issued its clarification order prematurely, the error was harmless because Father had a chance to present his arguments in his motion to alter or amend the

clarification.[2] *See Creach v. Angulo*, 189 Ariz. 212, 214 (1997) (error reversible only if prejudicial).

¶18        In sum, to the extent this Court has jurisdiction over the court's clarification, Father has shown no reversible error.

## IV.        Order Divesting Title to 529 Accounts

¶19        The family court ordered in the Decree "that Mother shall be named as owner of the children's 529 accounts." Father refused to transfer title to the accounts to Mother, and in response to Mother's counter-petition, the court repeatedly held Father in contempt. When the contempt orders yielded no progress, Mother filed an additional motion asking the court for an order to directly divest Father of title, and the court granted her request. *See* Ariz. R. Fam. Law P. 89 (a), (b) (permitting court to enforce judgment requiring conveyance of property held in Arizona).

¶20        Father contends he "cannot be 'divested' of the 529 accounts because the children are the vested beneficiaries and because he "has some contingent rights" in the accounts. These arguments amount to a collateral attack on the Decree, which this Court upheld in Father's previous appeal. *See Van Camp*, 1 CA-CV 16-0341 FC, at *4, ¶ 21. As explained above, we lack jurisdiction to reconsider alleged errors in the Decree. *See* ARCAP 22(c).

¶21        Father also argues the divestment order was erroneous because he made deposits into the accounts after entry of the Decree. But Father did not raise this argument in the family court.[3] "[G]enerally, failure to raise an argument in the [superior] court waives the issue on appeal," although the decision to find waiver is discretionary. *Aleise H. v. Dep't of Child Safety*, 245 Ariz. 569, 573, ¶ 12 (App. 2018) (alteration in original; internal quotation marks omitted). Here, Father's predicament stems from his choice to ignore the terms of the Decree by failing to transfer title to the accounts, by making post-decree contributions to the accounts, and by

---

[2] Father does not appear to challenge the denial of his Rule 83 motion directed at the clarification order. Even if he does, the family court did not abuse its discretion by again declining to modify its existing orders.

[3] Although Father provided several transcripts of hearings where the 529 accounts were discussed, he did not provide a transcript of the trial hearing held on August 1, 2019. When an appellant fails to provide a transcript relevant to issues raised on appeal, we "assume[] that the record supports the trial court's decision." *Kline v. Kline*, 221 Ariz. 564, 572, ¶ 33 (App. 2009).

failing to raise the issue when Mother petitioned to enforce the Decree. Because Father has not raised any reviewable arguments about the divestment of the 529 accounts, we dismiss that portion of his appeal.

## V.     Attorney's Fees

**¶22**     Mother requests her attorney's fees under A.R.S. § 25-324, which allows us to award fees after considering the parties' financial resources and the reasonableness of their positions on appeal. The record shows a substantial disparity in financial resources, with Father earning almost four times as much as Mother. Mother claims the parties' resources have not changed. Father's unsubstantiated assertions that his finances are in "shambles" and that his "career has stalled" are not enough to convince us otherwise.

**¶23**     Father has also taken unreasonable positions in this appeal. In particular, he mounted repeated collateral attacks on the Decree this Court upheld in his prior appeal, in which he was also assessed fees for taking unreasonable positions. *Van Camp*, 1 CA-CV 16-0341 FC, at *4, ¶ 20. We therefore award Mother her taxable costs on appeal and reasonable attorney's fees in an amount to be determined pending her compliance with ARCAP 21.

## CONCLUSION

**¶24**     For all of these reasons, we dismiss Father's appeal to the extent it challenges the Decree, the ruling on spousal maintenance, and the divestment order. We affirm the remaining rulings and orders of the family court.



AMY M. WOOD • Clerk of the Court
FILED:   AA