NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JENNIFER MAY VAN ZILEN, *Petitioner/Appellee*,

*v.*

JEFFREY ROBERT BOUSE, *Respondent/Appellant.*

No. 1 CA-CV 20-0344 FC
FILED 11-16-2021

Appeal from the Superior Court in Yavapai County
No. P1300DO201200859
The Honorable Joseph P. Goldstein, Judge *pro tempore*

**VACATED IN PART AND REMANDED**

COUNSEL

Margaret Perlmeter, Phoenix
*Counsel for Petitioner/Appellee*

Jeffrey R. Bouse
*Respondent/Appellant*

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding
Judge Peter B. Swann and Judge David D. Weinzweig joined.

**M c M U R D I E**, Judge:

¶1 Respondent Jeffrey Bouse ("Father") appeals from the superior court's order modifying his parenting time. Father argues that (1) the court failed to make the specific findings required under A.R.S. § 25-403, (2) he was prejudiced by Petitioner Jennifer Van Zilen's ("Mother") late filing of her pretrial statement and exhibits, and (3) the court's requirement that he exercise his parenting time with the children in Cottonwood one weekend per month to retain his parenting time in Mesa one weekend per month presents a financial burden and causes him undue hardship. We vacate the superior court's order because the geographical restrictions are not supported and remand for proceedings consistent with this decision.

## FACTS AND PROCEDURAL BACKGROUND

¶2 The parties were married in 2006 and had two children together. The marriage was dissolved in 2012. The dissolution decree included a finding that Father committed an act of domestic violence, and Mother was awarded sole legal decision-making. The court designated Mother as the primary residential parent and granted Father parenting time every other weekend and one weekday per week. From the dissolution of the marriage through 2015, both parties lived in the Cottonwood area. In 2015, Father moved away from the area, eventually residing in Mesa, while Mother and the children remained in Cottonwood.

¶3 In 2016, Father petitioned for legal decision-making and parenting-time modification. The court ordered mediation, and the parties agreed to joint legal decision-making and parenting time for Father every other weekend. There were no geographical restrictions in the parenting plan for Father's parenting time.

¶4 In 2019, Mother petitioned to modify legal decision-making and parenting time and requested temporary orders. She asked for sole legal decision-making and that Father's parenting time be restricted to only supervised parenting time. She asserted that Father was awaiting trial on charges for driving under the influence, a crime for which he had been convicted on two prior occasions. She also stated that one of the children had gotten sick during the night during a recent visit, and the children could not wake Father, who was sleeping in his locked bedroom. She claimed that the child developed recurrent severe abdominal pain and vomiting because of anxiety caused by Father's parenting time. In July 2019, the court issued temporary orders allowing Father parenting time only on

occasions agreed to by Mother and restricting Father's parenting time to Cottonwood.

¶5 At a trial in January 2020, Mother presented evidence supporting her allegations, including evidence that Father had recently refused to speak with a family court advisor and shouted profanities at the advisor over the phone. Mother also offered text messages Father had sent to one of the children telling her that if she did not want him in her life, she should have her stepfather adopt her and would never have to hear from him again. Mother presented the family court advisor's report, which stated that the children did not feel safe at Father's home and wanted to spend time with him in Cottonwood.

¶6 Following the trial, the court made best-interests findings as required by A.R.S. § 25-403. Relevant to this appeal, the court found that: (1) Father had been accused of felony DUI and was awaiting trial,[1] (2) the children had been unable to get Father's attention through his locked bedroom door one night when one of the children was ill, (3) Father shouted profanities at the family court advisor, (4) the children had not been to Father's home since June 2019, and (5) the children, then ages 10 and 12, wished to reside mainly with Mother.

¶7 The court ordered that Mother and Father continue to share joint legal decision-making authority of the children, finding that Mother had not shown by a preponderance of the evidence that legal decision-making should be modified. The court found, however, that Mother established Father's parenting time should be modified. As a result, the court ordered Father's future parenting time to occur on particular holidays and every other weekend, with weekend parenting time alternating in Cottonwood and Mesa. And the court ordered that if Father did not exercise at least one day of parenting time during a Cottonwood-designated weekend, he would not be entitled to the next weekend of parenting time in Mesa.

¶8 Father appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

---

[1] We note that Father was acquitted of the charges. *See City of Phoenix v. Superior Court*, 110 Ariz. 155, 157 (1973) (We take judicial notice of superior court records.).

## DISCUSSION

¶9 We review an award of legal decision-making and parenting time for an abuse of discretion. *Olesen v. Daniel*, 251 Ariz. 25, 29, ¶ 14 (App. 2021); *DeLuna v. Petitto*, 247 Ariz. 420, 423, ¶ 9 (App. 2019). An abuse of discretion occurs when the court commits an error of law that underlies its exercise of discretion, *Birnstihl v. Birnstihl*, 243 Ariz. 588, 590, ¶ 8 (App. 2018), or "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (quotation omitted).

¶10 Under A.R.S. § 25-411(J), "[t]he court may modify an order granting or denying parenting time rights whenever modification would serve the best interest of the child, but the court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." This subsection applies when the court places conditions or limitations on the way a parent exercises his or her parenting time, for example, by imposing supervision requirements or geographical restrictions. *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 492, ¶ 13 (App. 2020); *Cruz v. Garcia*, 240 Ariz. 233, 238, ¶ 18 (App. 2016). A restriction imposed after a finding of endangerment must relate to the danger found to exist. *See Paul E. v. Courtney F.*, 246 Ariz. 388, 394, ¶ 20 (2019).

¶11 The geographical restriction imposed here falls within the purview of A.R.S. § 25-411(J). The court restricted Father's rights by affording Father one parenting-time weekend a month that must be exercised in Cottonwood and allowing the following parenting-time weekend in Mesa only if Father exercised at least one day of parenting time in Cottonwood. Neither the parenting time in Cottonwood nor Mesa is supervised.

¶12 The court made no express finding that the children were endangered by Father's unsupervised parenting time in Mesa and Cottonwood. And we recognize that findings under A.R.S. § 25-411(J) need not be expressed. *Hart v. Hart*, 220 Ariz. 183, 187, ¶ 16 (App. 2009); *See also Boyle v. Boyle*, 231 Ariz. 63, 67, ¶ 15 (App. 2012) (We may infer additional findings necessary to sustain a judgment when the evidence reasonably supports such conclusions and the inferred finding does not conflict with an express finding.). But the geographical restriction imposed is unrelated to an endangerment determination supported by the record and is otherwise inconsistent with the court's order. It is, therefore, prohibited under A.R.S. § 25-411(J).

**¶13** The record demonstrates that the children were fearful of Father's temper, and the children had once been unable to wake Father, who was sleeping with his bedroom door locked. At the time of the court's order, the children had not visited Father at his Mesa home for almost ten months and expressed that they were afraid of staying at Father's home in the future. When viewed in the light most favorable to upholding the superior court's judgment, these facts may support a finding of endangerment under A.R.S. § 25-411(J). But the court's restrictions lack a sufficient nexus with these concerns. Although the record might support conditions that help ease the children back into Father's parenting time and alleviate their fears about spending the night in Mesa, there is insufficient evidence to support a permanent geographical restriction without a date to return to unrestricted parenting time. Moreover, allowing Father unsupervised parenting time in Mesa would undercut any attempt to address endangerment with a geographical restriction.

## CONCLUSION

**¶14** We vacate the portion of the superior court's order imposing geographical restrictions on Father's parenting time and remand for a redetermination of parenting time.[2] As a result, upon request by either party, the court must conduct a hearing to determine the appropriate parenting time under A.R.S. §§ 25-403 and -411. *See Olesen v. Daniel*, 251 Ariz. at 31, ¶ 25.



AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[2] Because we remand for a new hearing, we decline to address Father's remaining arguments.