NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SHAWN OAKLIEF, *Petitioner/Appellant*,

*v.*

EMILY THOMAS, *Respondent/Appellee*.

No. 1 CA-CV 22-0383 FC
FILED 11-17-2022

Appeal from the Superior Court in Maricopa County
No. FC2007-092087
The Honorable Lisa Wahlin, Judge

**AFFIRMED**

APPEARANCES

Shawn Oaklief, Mesa
*Petitioner/Appellant*

_____

**MEMORANDUM DECISION**

Judge D. Steven Williams delivered the decision of the court, in which Presiding Judge David D. Weinzweig and Judge Randall M. Howe joined.

_____

**W I L L I A M S**, Judge:

¶1            Shawn Oaklief ("Father") appeals the superior court's legal decision-making and parenting time order. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2            Father and Emily Thomas ("Mother") never married but have one child in common. The child is now 16 years old.

¶3            In 2020, the child was diagnosed with a condition that makes her vulnerable to a variety of health risks. As a result, the child has received a series of medical treatments. When Father first disagreed with the child's medical treatment, he became "aggressive and threatening" towards staff and treating physicians. The hospital ultimately refused to treat the child because of Father's continued aggression and false accusations towards medical staff.

¶4            Around the same time, Father behaved similarly towards the child's high school principal and was barred from the school as a result.

¶5            On another occasion, Father became upset when the child did not respond to his text messages while she was receiving a medical treatment. Father texted the child that "[t]he war has commenced. You are . . . not 18. Get that through your head asap. If [you] think it ends today you are absolutely wrong." Father continued, "I do[n']t care about your feeling[s] any longer," and "the war has begun."

¶6            In 2021, Mother petitioned the superior court to modify legal decision-making and parenting time. Specifically, Mother requested she be awarded sole legal decision-making for the child and that Father only be allowed to contact the child through email.

¶7            Following an evidentiary hearing, the court granted Mother's request for sole legal decision-making authority finding it to be in the

child's best interests. The court limited Father's parenting time to occur only "at [the child's] discretion" and directed Mother to mail a letter each month to Father "summarizing the child's medical care, school updates, and any other relevant information regarding the child."

**¶8** Father timely appealed the superior court's order. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION[1]

**¶9** We review legal decision-making and parenting time orders for an abuse of discretion. *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 491, ¶ 9 (App. 2020) (as amended); *Owen v. Blackhawk*, 206 Ariz. 418, 420, ¶ 7 (App. 2003). In doing so, we defer to the superior court's findings of fact unless those findings are clearly erroneous. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶10** Father's opening brief does not appropriately cite to the record, nor does he provide any legal authority to support his contention that the superior court erred in issuing its order. ARCAP 13(a)(7)(A) (requiring arguments on appeal to contain "supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which appellant relies"); *In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013) (holding that arguments on appeal not supported by adequate explanation, citations to the record, or legal authority are waived).

**¶11** Further, though Father contends the court's order was not supported by and/or was contrary to the evidence, he has not provided this court with a transcript of the evidentiary hearing. *See* ARCAP 11(c)(1)(B). In the absence of a transcript, this court presumes the missing record supports the superior court's ruling. *Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005).

---

[1] Mother failed to file an answering brief. In our discretion we decline to treat Mother's failure as a concession of reversible error, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994), and instead consider the merits of Father's appeal to the extent he developed his arguments, *see Bugh v. Bugh*, 125 Ariz. 190, 191 (App. 1980).

¶12      On this limited record, Father has shown no abuse of discretion.

## CONCLUSION

¶13      The superior court's order is affirmed.



AMY M. WOOD • Clerk of the Court
FILED:    AA