NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

ALYSSA M. FIGUEROA, *Petitioner/Appellee,*

*v.*

DANIEL FIGUEROA, *Respondent/Appellant.*

No. 1 CA-CV 25-0723 FC

FILED 04-27-2026

Appeal from the Superior Court in Maricopa County
No. FC2022-094627
The Honorable Michael Valenzuela, Judge

**AFFIRMED**

COUNSEL

Daniel Figueroa, Avondale
*Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Andrew M. Jacobs and Judge James B. Morse Jr. joined.

---

**F U R U Y A**, Judge:

¶1        Respondent/Appellant Daniel Figueroa ("Father") appeals the superior court's decree of dissolution, challenging the court's parenting time and child support determinations. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2        Father and Petitioner/Appellee Alyssa M. Figueroa ("Mother") married in 2017 and have a child, A.F. ("the Child"), in common.

¶3        Mother petitioned for dissolution in 2022. During the almost three years the petition was pending, the parties each sought temporary orders concerning legal decision-making authority, parenting time, and child support. Eventually, they engaged in a court-ordered settlement conference where they resolved all issues except legal decision-making authority, parenting time, and child support.

¶4        In 2025, the superior court conducted a trial on those remaining issues. At the time of trial, it was Mother's position that she should have sole legal decision-making authority for the Child and be designated the primary residential parent, with Father to have parenting time every other weekend and pay monthly child support of $635. Father did not file a separate pretrial statement setting forth his position on these issues. At the trial, both parties testified and Mother presented documentary evidence.

¶5        In the dissolution decree, the superior court awarded Mother sole legal decision-making authority, designated her the primary residential parent, granted Father parenting time three weekends per month, and ordered Father to pay Mother $512 monthly in child support.

¶6        Father timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

**DISCUSSION**

¶7            Father challenges the superior court's parenting time and child support orders.

¶8            Mother has not filed an answering brief. We may treat that failure as a confession of reversible error as to any debatable issues. *Savord v. Morton*, 235 Ariz. 256, 259 ¶ 9 (App. 2014). But if it is clear the superior court did not err, we may still affirm regardless of the confession of error. *See Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980). And where the best interests of a child are implicated, we ordinarily will not apply waiver rules because the child's best interests are paramount. *See Hays v. Gama*, 205 Ariz. 99, 102 ¶ 18 (2003); *In re Marriage of Diezsi*, 201 Ariz. 524, 525 ¶ 2 (App. 2002). Because Father's appeal impacts the Child's best interests, we reach the merits of this appeal despite Mother's failure to file an answering brief.

¶9            Similarly, Father's opening brief does not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13(a)(7) because he does not indicate what specific evidence he believes the superior court improperly evaluated or what portions of the record he contends support his argument. Ordinarily, failure to develop or support an argument waives the issue on appeal. *Ritchie v. Krasner*, 221 Ariz. 288, 305 ¶ 62 (App. 2009). But because the Child's best interests are paramount, we consider Father's arguments to the extent we can discern them. *Hays*, 205 Ariz. at 102 ¶ 18. Nevertheless, our review of the court's parenting time and child support decisions is limited because Father did not cause the trial transcript to be included in the appellate record. As the appellant, Father was responsible for making sure the appellate record contained the transcript. ARCAP 11(c)(1)(B) ("If the appellant will contend on appeal that a judgment, finding or conclusion, is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record transcripts of all proceedings containing evidence relevant to that judgment, finding or conclusion."). Because Father failed to complete the record, we must presume that the missing transcript supports the court's findings and conclusions. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

A.      **Parenting Time Orders**

¶10            Father argues the superior court erred by granting him only three weekends of parenting time per month because the evidence showed that equal parenting time served the Child's best interests. He alleges the court failed to properly evaluate the factors in A.R.S. § 25-403(A) and erred

because it did not determine that Mother's unsupported allegations of domestic violence affected her credibility.

¶11 We review the court's parenting time determination for an abuse of discretion, which occurs if there is no competent evidence to support the decision. *Engstrom v. McCarthy*, 243 Ariz. 469, 471 ¶ 4 (App. 2018). We view the evidence in the light most favorable to upholding the court's ruling and will affirm if reasonable evidence supports it. *Smith v. Smith*, 253 Ariz. 43, 45 ¶ 9 (App. 2022).

¶12 Father argues the evidence at trial showed that he provides stable housing, daily care, and financial support for the Child and no safety concerns were proven. He contends the best interests factors under A.R.S. § 25-403(A) all favor equal parenting time and the court's award of only weekend parenting time to Father disrupts the Child's attachment to Father and her half-sister.[1]

¶13 The court determines parenting time "in accordance with the best interests of the child." A.R.S. § 25-403(A). To do so, the court must consider all relevant factors bearing on the child's well-being, including whether there has been domestic violence. A.R.S. §§ 25-403(A)(1)–(11), -403.03. As required in a contested case, *see* A.R.S. § 25-403(B), the court made express findings about all relevant factors and the reasons why its parenting time decision is in the best interests of the Child. Because Father did not provide the trial transcript, we presume the testimony supports the court's findings and conclusions. *Baker*, 183 Ariz. at 73.

¶14 Father maintains, however, that the court did not give appropriate weight to evidence that Mother obtained an order of protection against Father based on false allegations. We do not consider Father's argument insofar as he relies on evidence about dismissal of the order of protection or police reports that are not in the record. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990). Further, Father is incorrect that the court improperly limited his contact with the Child based on Mother's unsubstantiated allegations of domestic violence. The court expressly found Father had not engaged in acts of domestic violence against Mother.

---

[1] Father also claims that weekend parenting time interferes with the Child consistently attending school, citing events that have occurred since the court entered the decree. We do not consider this assertion because our review is limited to the record before the superior court. *GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4 (App. 1990).

This finding demonstrates that its order was not predicated on those allegations.

**¶15**  Moreover, we reject Father's argument that because the court found Mother was not credible on the issue of domestic violence, its entire parenting time order was erroneous. The court has discretion to decide parenting time based on all the evidence, *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 492 ¶ 11 (App. 2020), and we defer to its determinations of witness credibility and the weight to give conflicting evidence. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998).

**¶16**  Father has not shown error in the court's parenting time order.

### B. Child Support

**¶17**  Father contends the court incorrectly calculated his child support obligation because it failed to credit him with the $112 per month he pays for the Child's medical, dental, and vision insurance.

**¶18**  Father claims he presented proof of this coverage at trial, but does not indicate where in the record this evidence can be found. We have reviewed the record and do not find proof that at the time of trial Father provided insurance for the Child. Because we do not have a trial transcript—and therefore do not know what testimony was presented—we must presume the missing transcript supports the court's child support findings. *See Baker*, 183 Ariz. at 73.

### CONCLUSION

**¶19**  We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:   JR