NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

DANIEL I. WHISENAND, *Petitioner/Appellant*,

*v.*

MARIKAY L. WHISENAND, *Respondent/Appellee*.

No. 1 CA-CV 22-0080 FC
FILED 12-6-2022

Appeal from the Superior Court in Yavapai County
No. P1300DO201600056
The Honorable Michael P. McGill, Judge

**VACATED AND REMANDED**

COUNSEL

Van Wickler Law PLLC, Scottsdale
By Tracey Van Wickler
*Counsel for Petitioner/Appellant*

Marikay L. Whisenand, Prescott
*Respondent/Appellee*

**MEMORANDUM DECISION**

Judge Peter B. Swann[1] delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Judge Angela K. Paton joined.

**S W A N N**, Judge:

**¶1**        Daniel I. Whisenand ("Father") challenges the superior court's order modifying parenting time and child support, contending the court failed to enforce a parenting time agreement he and Marikay L. Whisenand ("Mother") entered in the record at the start of their trial.  The court did not approve and was not bound by the agreement.  Nonetheless, we vacate the modification order and remand for further proceedings because the parties did not present evidence concerning parenting time at the hearing.

### FACTS AND PROCEDURAL HISTORY

**¶2**        Father petitioned to dissolve the parties' marriage in 2016.  The superior court entered a consent decree in April 2016 granting the parties joint legal decision-making authority and equal parenting time over their two minor children.  The consent decree did not require either party to pay child support.

**¶3**        Five years later, Father petitioned to modify parenting time and child support because he intended to relocate to Washington.  Father requested a long-distance parenting plan that would "maximize[ ] his parenting time around school breaks, holidays, and the summer."

**¶4**        The superior court held a bench trial on Father's petition.  At the start of the hearing, Father's counsel told the court the parties had "reach[ed] some agreements . . . in the hallway" regarding parenting time.

---

[1]        Judge Peter B. Swann was a sitting member of this court when the matter was assigned to this panel of the court.  He retired effective November 28, 2022.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Swann as a judge *pro tempore* in the Court of Appeals for the purpose of participating in the resolution of cases assigned to this panel during his term in office.

The parties agreed, in pertinent part, that Father would receive parenting time during the children's fall and spring breaks on alternating years, the second half of the children's winter break every year, and the second week of the winter break in alternating years. The parties did not agree, however, as to which years—odd or even—each parent would receive parenting time during the fall and spring breaks.

¶5 The superior court entered these terms as an agreement under Arizona Rule of Family Law Procedure ("Rule") 69(a)(2) and directed Father's counsel to "submit the proposed order consistent with those agreements when we get there." The court then summarized the remaining issues to be tried, only noting the allocation of the spring and fall breaks in regard to parenting time.

¶6 The trial went forward. After closing arguments, the court and counsel again discussed preparing a proposed order. Father's counsel informed the court that the hallway agreement made before trial was based on a proposed order set out in Father's pretrial statement. The court stated it would "prepare an order using that proposed order, just so it's clear, so that we don't have to worry about what's in there and what isn't." Mother's counsel indicated that he wanted to review Father's proposed order before it was submitted "as the final approval." The court noted that it would "prepare an under advisement ruling incorporating much of that, what I think should and shouldn't be based on the agreements of the parties." Father's counsel asked if she should prepare the order "based upon [the] under advisement ruling," and the court assented.

¶7 In its minute entry detailing the trial, the court again directed Father to "provide a form of order to the Court for signature regarding the parties' partial agreement."

¶8 Father did not provide a proposed order. Approximately two months later, the superior court issued an under advisement ruling in which it (1) affirmed joint legal decision-making authority; (2) awarded Mother monthly child support; and (3) granted Father parenting time, in relevant part, during spring break and the second part of winter break in odd years and fall break and the first part of winter break in even years. This reduced Father's parenting time during the winter break from the Rule 69 Agreement. The court certified its ruling as final under Rule 78(c).

¶9 Soon after, Father filed an emergency motion asking the court to "direct Mother to comply with the parties' Rule 69 Agreement . . . as it relates to the Winter Break." He contended the court had approved of that

agreement on the record at trial and therefore was bound by it. The court denied the motion, noting that Father had not filed a "proposed form of the Rule 69 Agreement to be signed by the Court." The court stated, however, that it would "review the terms of the agreement and modify its rulings where necessary and consistent with the agreement" if Father filed an executed or proposed agreement.

**¶10**     Father did not do so. He instead filed Rule 83 and Rule 85 motions in which he again contended the court was obligated to implement the parties' agreement. The court issued a minute entry the next day stating that the lack of any written order or agreement was "critical" because Mother's counsel had "wanted to review the Rule 69 Agreement before it [was] submitted as the final approval," which "suggest[ed] that the proposed agreement reference[d] on the record was not the final version of the agreement." Nonetheless, the court ordered Mother to respond to both motions.

**¶11**     Father filed another Rule 85 motion seeking to correct the court's orders denying his earlier motions and a notice of appeal. We stayed the appeal to allow the superior court to consider the pending matters. ARCAP 3(b).

**¶12**     The superior court granted Father's Rule 83 motion in part, striking its legal decision-making authority rulings, but denied the Rule 85 motions:

> As the record demonstrates, the parties discussed a Rule 69 agreement, reaching a partial agreement on some terms with others left unresolved, the day of trial. The agreed-upon terms were confusing and incomplete to the parties given their discussion about the need for modifications. . . . [E]ven during closing arguments, there were suggestions to modify the proposed agreements submitted to the Court. The parties recognized the need to submit a more accurate and clearer version of any agreements, to include modifications. . . . When the Court never received an executed Rule 69 agreement, . . . the Court was left having to enter orders to resolve the pending petition which included both parenting time and child support.

**¶13**     Father filed an amended notice of appeal. We have jurisdiction under A.R.S. § 12-2101(A)(2). *Yee v. Yee*, 251 Ariz. 71, 76, ¶ 13 (App. 2021).

**DISCUSSION**

I.      We Decline to Apply Waiver.

**¶14**      Father first contends we should disregard Mother's answering brief because she did not comply with Arizona Rule of Civil Appellate Procedure ("ARCAP") 13.  We typically decline to find waiver where a child's best interests are at issue.  *See, e.g., Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013).  We decline to do so here and consider the merits of Father's appeal.

II.      The Superior Court Was Not Bound by the Partial Rule 69 Agreement.

**¶15**      An agreement between the parties is valid and binding on the parties if its terms "are stated on the record before a judge, commissioner, judge pro tempore, or certified reporter."  Ariz. R. Fam. Law P. 69(a)(2).  It is not binding on the court "until it is submitted to and approved by the court as provided by law."  Ariz. R. Fam. Law P. 69(b).

**¶16**      The parties' agreement, stated on the record, was binding on them.  Ariz. R. Fam. Law P. 69(a)(2).  But Father also contends the superior court approved the agreement under Rule 69(b), citing *Gallo v. Gallo*, 1 CA-CV 20-0642 FC, 2021 WL 5313445 (Ariz. App. Nov. 16, 2021) (mem. decision).[2]  *Gallo* does not support his position.  There, we affirmed the superior court's decision *not* to enforce a Rule 69 parenting time agreement because the court had not approved the agreement and therefore retained independent discretion to enter parenting time orders.  *Id.* at *3, ¶¶ 15–17.

**¶17**      In *Gallo*, we looked to the court's actions, not its inaction, to determine whether it had "indicated its intent to accept the agreement as an enforceable order of the court."  *Gallo*, 1 CA-CV 20-0642 FC, at *3, ¶ 16.  Here, as in *Gallo*, the court never entered any order approving the parties' Rule 69 agreement.  Father contends the court "implicitly approved" the agreement by proceeding with the trial on other issues.  Rule 69(b) does not permit "implicit approval;" agreements instead must be "submitted to and approved by the court as provided by law."  Ariz. R. Fam. Law P. 69(b).

**¶18**      The court's actions here show that it did not intend to fully accept the agreement without further action from the parties.  As discussed

---

[2]      While memorandum decisions are not precedential, we may consider memorandum decisions issued on or after January 1, 2015 for their persuasive value.  Ariz. R. Sup. Ct. 111(c)(1).

above, the court stated at the close of trial that it intended to "prepare an under advisement ruling incorporating much of . . . what I think should and shouldn't be based on the agreements of the parties." It also directed Father to submit a proposed order documenting the parties' agreement, which Father did not do. Additionally, when Father first contended the court should have enforced the agreement, the court invited him to submit "the exact terms of the agreement the parties entered into." Father did not do that either. Finally, the court expressly stated in its ruling denying Father's Rule 85 motions that it did not fully approve the agreement; it instead indicated it would consider the terms recited at trial and that it might accept or reject some of them in its parenting time rulings. On this record, we cannot say the superior court approved the parties' agreement. It therefore was not binding on the court. Ariz. R. Fam. Law P. 69(b).

III.    The Superior Court Made Parenting Time Findings Without Adequate Evidence.

¶19    We next consider Father's contention that the court entered parenting time rulings "on a record devoid of competent evidence." We review an order modifying parenting time for an abuse of discretion. *Gonzalez-Gunter v. Gunter*, 249 Ariz. 489, 491, ¶ 9 (App. 2020). A court abuses its discretion if it commits an error of law in reaching a discretionary conclusion, it reaches a conclusion without considering the evidence, it commits some other substantial error of law, or the record lacks substantial evidence to support the trial court's finding. *Flying Diamond Airpark, LLC v. Meienberg*, 215 Ariz. 44, 50, ¶ 27 (App. 2007).

¶20    Father contends the parties only presented evidence on "the contested issues identified by the trial court." Mother does not contend otherwise; she only argued the court's parenting time orders "were just and fair and in the best interests of the minor children based upon the testimony presented."

¶21    The record shows that neither the parties nor the court intended to proceed with parenting time testimony and evidence. Immediately after reciting the terms of the parties' agreement, Father's counsel summarized as follows:

> MS. VAN WICKLER: So that's just the basic parenting time schedule. I don't –
>
> THE COURT: Sure.

6

> MS. VAN WICKLER: We haven't had a chance to go into the nitty-gritty on any of the other provisions –
>
> THE COURT: Okay.
>
> MS. VAN WICKLER: -- in there, *but I thought that might save a bunch of time.*

After a brief discussion about whether to convert the trial into a settlement conference, the court stated that the only parenting time issue left to be tried was the odd/even year allocation of the children's spring and fall breaks.

¶22 The court must allow the parties to present evidence if the question of a child's best interests raises disputed fact issues. *Murray v. Murray*, 239 Ariz. 174, 179, ¶ 18 (App. 2016); *see also Cruz v. Garcia*, 240 Ariz. 233, 236, ¶ 12 (App. 2016) ("A family law judgment rendered without notice and a meaningful opportunity to be heard cannot stand."). And we have previously held in the child support context that it is error to enter modifications without "allowing the parties to gather and present their evidence." *Heidbreder v. Heidbreder*, 230 Ariz. 377, 381, ¶ 14 (App. 2012); *see also Cook v. Losnegard*, 228 Ariz. 202, 205–06, ¶¶ 17–19 (App. 2011) (vacating child support modification because court "specifically advised that it would *not* be considering child support" at trial). We see no reason to treat parenting time differently. We therefore vacate the modification order and remand for further proceedings on Father's petition.

## CONCLUSION

¶23 We vacate the court's modification order and remand for further proceedings on Father's petition.

¶24 Both parties request attorney fees and taxable costs incurred in this appeal. Father requested fees under Rule 69(c) and A.R.S. § 25-324(A) in his opening brief, contending that Mother "ha[d] taken an unreasonable position on appeal." Mother had not yet taken any positions on appeal when Father filed his opening brief. We do not find her positions on appeal to be unreasonable. We therefore deny Father's fee request. We deny Mother's fee request because she did not retain counsel on appeal.

¶25 Our decision to vacate the modification order renders Father partially successful in this appeal. He may recover his taxable costs upon compliance with ARCAP 21. *See Henry v. Cook*, 189 Ariz. 42, 44 (App. 1996) ("[I]n the absence of a statute or rule authorizing apportionment, the party who obtains partial success is entitled to recover all taxable costs.").



AMY M. WOOD • Clerk of the Court
FILED:   AA